609 So.2d 72 (1992)
Guillermo TRUJILLO-PENTATE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2241.
District Court of Appeal of Florida, First District.
November 19, 1992.
On Motion to Certify a Question of Great Public Importance December 16, 1992.
Nancy A. Daniels, Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Guillermo Trujillo-Pentate, appeals the judgment and habitual felony offender sentence imposed pursuant to his plea of nolo contendere to the offenses of sale and possession of cocaine, carrying a firearm in the commission of a felony, and escape. The state moved to dismiss the appeal, relying on Section 924.06(3), Florida Statutes (defendant who pleads nolo contendere with no express reservation of the *73 right to appeal shall have no right to a direct appeal). We deny the state's motion to dismiss, affirm the judgment, but remand for resentencing.
In the proceeding below the trial court ruled that appellant was competent to stand trial. It was only then that appellant entered his plea of nolo contendere. On appeal, appellant first raised two issues relating to appellant's competency to proceed to trial. Appellant later raised a supplemental issue with respect to sentencing.
With respect to the competency issues raised, the state moved to dismiss in light of appellant's nolo contendere plea. Appellant argues that the competency issues raised present questions as to the voluntary and intelligent character of the plea, cognizable on appeal pursuant to Robinson v. State, 373 So.2d 898 (Fla. 1979). Even assuming that the competency issues raised cast doubt upon the voluntary and intelligent character of appellant's plea, Robinson clearly states that an appeal from a plea should never be a substitute for a motion to withdraw the plea. Id. at 902. Thus, a challenge to the voluntary and intelligent character of the plea would be reviewable on direct appeal if the trial court had been presented with that question and rendered a ruling adverse to the defendant. Id.
Though appellant may not challenge the voluntary and intelligent nature of his plea on appeal, we nonetheless deny the state's motion to dismiss as we have jurisdiction of the case in order to consider the sentencing issue raised, which is appealable under Robinson.[1]See Pyle v. State, 596 So.2d 744 (Fla. 1st DCA 1992).
Appellant argues that the trial court erred reversibly in failing to make the required statutory findings that the predicate convictions supporting habitual felony offender sentencing had not been pardoned or set aside. This court has recently ruled favorably upon appellant's argument. Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992) (en banc). We therefore remand for resentencing. On remand, the trial court may impose the same sentence originally imposed if such can be done in accordance with Jones.
AFFIRMED in part, REVERSED in part and REMANDED for resentencing.
MINER, ALLEN and KAHN, JJ., concur.

ON MOTION TO CERTIFY A QUESTION OF GREAT PUBLIC IMPORTANCE
We grant appellee's motion to certify a question of great public importance. As was done in Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992), we certify the following question to the Florida Supreme Court as one of great public importance:
Does the holding in Eutsey v. State, 383 So.2d 219 (Fla. 1980), that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are "affirmative defenses available to [a defendant]," Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?
MINER, ALLEN and KAHN, JJ., concur.
NOTES
[1] This disposition is without prejudice to appellant's entitlement to seek appropriate postconviction relief in the trial court.