748 So.2d 292 (1999)
Johnny FULLER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 98-1374, 98-1458 and 98-1459.
District Court of Appeal of Florida, Fourth District.
June 23, 1999.
*293 Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Chief Assistant Public Defender, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.
SHAHOOD, J.
Appellant, Johnny Fuller, appeals the judgment and sentence entered against him in three consolidated cases (98-1374, 98-1458, and 98-1459) after his plea of no contest to one count of sexual battery on a mentally defective victim and two orders revoking probation. Appellant raises two points on appeal. He first argues that the trial court's order finding him competent is a dispositive order which can be appealed following a no contest plea. He further alleges that the trial court erred by finding him competent to proceed. We hold the trial court's order not to be a dispositive order, and therefore dismiss this appeal for lack of jurisdiction. In that we are dismissing the appeal for lack of jurisdiction, the second issue raised by appellant is deemed moot, and we therefore decline to discuss the same.
In these cases appellant was originally charged with one count of burglary of a structure in June of 1993, evaluated by two doctors, and deemed by the trial court incompetent to stand trial. In April of 1994 appellant was reevaluated and recommitted for a period of one year. Five months later in September of 1994, the court found appellant met the criteria for hospitalization and recommitted him for a period up to one additional year.
In June of 1995 appellant was reevaluated by the Diagnostic and Evaluation Team of the Developmental Services Program of the Department of Health and Rehabilitative Services, and was deemed competent to stand trial by the trial court. He pled no contest and was placed on probation for a period of five years with the special condition that he attend and complete the United Cerebral Palsy Group Home Program (UCPP).
Appellant was next before the court in March of 1996, when he was charged with having violated his probation by the commission of three new crimes. The court again had appellant evaluated and again found him competent to proceed. Appellant, Fuller again pled guilty to two counts of the new charges and was placed on three years probation with the special condition that he attend the UCPP.
In January of 1998 another warrant issued this time alleging appellant violated his probation in June of 1997, by committing a sexual battery on William Carmichael, a person over the age of twelve and mentally defective, while participating in the UCPP. The court appointed two doctors to evaluate appellant for competency. One of the doctors found appellant not competent to stand trial while the other doctor found him competent to stand trial in accordance with the statutory criteria even though he had many questions as to other capabilities of appellant. Based on the foregoing, the trial court again found appellant competent to proceed.
Appellant then proceeded to file an emergency petition for writ of certiorari/ prohibition with this court which was sua sponte dismissed for lack of jurisdiction. (No. 98-1164). Following this court's dismissal of Fuller's petition seeking certiorari or prohibition relief, the trial court conducted a plea conference on April 3, 1998. Fuller's counsel stated Fuller's intent to plead no contest reserving his right to appeal the competency determination. The court stated its belief the competency determination was not dispositive and asked the state whether it was willing to stipulate to dispositiveness. The state initially stated it was willing to so stipulate, later stating it was unable to do so after the court explained that if the appellate court reversed the determination "that's the end of the case." Fuller's counsel noted his petition for certiorari/prohibition *294 had been denied and asked the trial court "[h]ow else do you have review of a court's ruling that a person is competent?" The trial court responded: "Go to trial. If he's found not guilty, the appellant [sic] court never has to take up their time. If he's found guilty, you could take the appeal".
Thereafter, following a protracted plea colloquy, appellant pled no contest to the charges and the court proceeded to revoke appellant's prior terms of probation and sentence him to time served on the 1993 charge, three years of probation on the 1996 charges, and five years of probation on the 1997 sexual battery charge, to be served concurrently (with his sentence on the 1996 charges).
Generally, in a criminal case, one may plead no contest conditioned on the right to preserve for appellate review a question of law. State v. Ashby, 245 So.2d 225 (Fla.1971). An Ashby nolo contendere plea, or conditional nolo contendere plea, is permissible only when the legal issue to be determined on appeal is dispositive of the case. Brown v. State, 376 So.2d 382, 384 (Fla.1979); § 924.051(4), Fla. Stat. (Supp. 1996). An issue is dispositive only when it is clear that regardless of the outcome of the appeal, there will be no trial. Vaughn v. State, 711 So.2d 64, 65 (Fla. 1st DCA), rev. denied, 722 So.2d 195 (Fla.1998).
Appellant argues the competency determination was dispositive because if this court reverses the trial court's decision there will be no trial. He further argues that the issue of dispositiveness is dependent on the outcome of the appeal. The correct test for dispositiveness is: that an issue is dispositive when there will be no trial, without regard to the potential outcome of an appeal.
An order determining a defendant competent does not preclude an immediate trial; trial proceeds. Therefore the issue is not dispositive. The determination of dispositiveness is made without regard to the potential outcome on appeal.
In Trujillo-Pentate v. State, 609 So.2d 72 (Fla. 1st DCA 1992), quashed on other grounds, 620 So.2d 1231 (Fla.1993), the defendant was found competent to proceed to trial, pled nolo contendere, and on appeal raised two issues relating to his competency and one issue relating to his sentence. Id. at 73. The state moved to dismiss the appeal with respect to the competency issues in light of the defendant's nolo contendere plea. Id. The appellant responded by arguing the competency issues presented a question concerning the voluntary and intelligent character of the plea, which would be cognizable on appeal from a nolo plea pursuant to Robinson v. State, 373 So.2d 898 (Fla.1979). Trujillo-Pentate, 609 So.2d at 73. The court rejected this argument, noting that Robinson states an appeal from a plea should never be a substitute for a motion to withdraw a plea, thus the voluntary and intelligent character of the plea may be reviewed on direct appeal only if the trial court is presented with that question and renders a ruling adverse to the defendant. Id. The court concluded the appellant was prohibited from challenging the voluntary and intelligent nature of the plea on appeal, yet denied the state's motion to dismiss, determining the court had jurisdiction to consider the sentencing issue raised. Id.
Based on the foregoing and on the authority of Trujillo-Pentate, we hold that the order determining appellant Johnny Fuller competent to stand trial was not a dispositive order and this court therefore lacks jurisdiction to consider this appeal following appellant's no contest plea. See Fla. R.App. P. 9.140(b)(2)(a). This appeal is therefore dismissed.
DISMISSED.
STONE, C.J., and STEVENSON, JJ., concur.