GRIFFIN, J.
Terry Leon Bradshaw [“Bradshaw”] appeals his convictions and sentences for robbery with a firearm and attempted second-degree murder of a law enforcement officer with a firearm. We affirm the robbery conviction but vacate the attempted second-degree murder conviction and remand for further proceedings.
We conclude that the trial court did not err by denying Bradshaw’s motion to appoint additional experts to evaluate his competency to stand trial. The mere fact that Bradshaw is of limited intelligence (or even that he suffers from mild mental retardation) does not require further evaluation for incompetency. In light of Dr. Corwin’s opinion that Bradshaw was competent, and in the absence of any evidence tending to show that Bradshaw lacked the present ability to consult with his lawyer or lacked a rational or factual understanding of the proceedings against him, there appears to be no basis for believing that Bradshaw might be incompetent to stand trial. Dr. Corwin’s suggestion that further testing might reveal a neurological component to his mental state is not sufficient.
There is also no merit to Bradshaw’s argument that he is entitled to a judgment of acquittal on the charge of attempted second-degree murder because of the State’s failure to establish his identity as the shooter. First, the argument was never made below and, thus, was not preserved. Franklin v. State, 718 So.2d 902 (Fla. 5th DCA 1998); Griffin v. State, *1097 705 So.2d 572 (Fla. 4th DCA 1998). Moreover, there was ample evidence that Bradshaw robbed the Handy Way while wearing a black jacket with a hood and carrying a silver gun. The person who shot at Deputy McQuaig shortly after the shooting was also wearing a black hooded jacket and carrying a silver gun. Bradshaw’s identity as the shooter was a question for the jury.
We agree with Bradshaw that the prosecutor erred in arguing during closing that Bradshaw had failed to “tell you where he was.” This comment was improper because it suggests that Bradshaw, who did not present an alibi defense, had the burden of proving his innocence. We find the error to be harmless, however, in light of the overwhelming evidence of the defendant’s guilt. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
It does appear that Bradshaw’s conviction of “attempted second-degree murder of a law enforcement officer with a firearm,” categorized as a first-degree felony punishable by life, may have resulted from confusion over the statutory revisions in 1995 in light of State v. Iacovone, 660 So.2d 1371 (Fla.1995). It was proper to enhance the score for the law enforcement status of the victim but not to increase the level of offense. To that extent, appellant is correct that the offense of which he was convicted did not exist. The offense is “attempted second-degree murder with a firearm;” the identity of the victim is a sentencing factor. Correction of this error will require resentencing.
AFFIRMED in part; REVERSED in part, and REMANDED.
GOSHORN, J., concurs.
DAUKSCH, J., dissents, with opinion.