806 So.2d 563 (2002)
Daryl DANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1806.
District Court of Appeal of Florida, Fourth District.
January 16, 2002.
Rehearing Denied February 15, 2002.
Carey Haughwout, Public Defender, Siobhan H. Shea and Alan T. Lipson, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Following a hearing on one ground of his motion for postconviction relief, which is not at issue in the instant appeal, Appellant appeals the summary denial of the third ground of his motion, and also asserts that the trial court's bias in sentencing requires assignment of the case to a different judge on remand. We reject without further discussion Appellant's claim of bias, but reverse the summary denial of his third ground for relief and remand for further proceedings thereon.
*564 It appears that at Appellant's trial for trafficking in heroin, evidence of his statements made in tape-recorded telephone conversations between Appellant and the confidential informant, who was deceased by the time of trial, contradicted his claim of entrapment and lack of predisposition. While defense counsel objected to the introduction of the taped conversations based on hearsay, the state asserted, in its brief in the direct appeal from Appellant's conviction, that defense counsel had failed to raise during trial the argument that the conversations were inadmissible without proof of the informant's consent to the taping,[1] and thus that specific issue was not preserved for appeal. Now that Appellant argues counsel was ineffective for failing to raise the lack of consent at trial, the state argues that the issue was raised and rejected on direct appeal, and therefore is procedurally barred in the postconviction proceeding.
The state cannot have it both ways. This court's per curiam affirmance of Appellant's conviction and sentence on direct appeal does not establish whether the specific issue was or was not preserved for appeal, and neither the trial court's order nor the state's response on which it was based attached any portions of the record which did. The failure to preserve a potentially reversible error for appeal has been found to constitute ineffective assistance of counsel, sufficient to support a rule 3.850 motion. See Jackson v. State, 711 So.2d 1371, 1372 (Fla. 4th DCA 1998) (rejecting state's arguments that postconviction ground concerning counsel's failure to object to prosecutor's comments concerning defendant's post-arrest silence was procedurally barred because raised as error in direct appeal, where it was clear any such error was not preserved for appeal by counsel's failure to object); Davis v. State, 648 So.2d 1249, 1250 (Fla. 4th DCA 1995).
Accordingly, we reverse that portion of the trial court's order that summarily denied Appellant's third ground for relief and remand for the trial court to hold an evidentiary hearing or to attach portions of the record that conclusively refute that ground.
Affirmed in part, reversed in part, and remanded for further proceedings.
POLEN, C.J., WARNER and TAYLOR, JJ., concur.
NOTES
[1] See Payne v. State, 562 So.2d 372 (Fla. 4th DCA 1990) (reversing conviction, holding that recording of confidential informant's telephone conversation could not be admitted into evidence absent proof of informant's consent to taping).