859 So.2d 563 (2003)
Michael CARRION, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D03-3410.
District Court of Appeal of Florida, Fifth District.
November 21, 2003.
*564 Robert Wesley, Public Defender, and Steven S. Graves, Assistant Public Defender, Orlando, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Respondent.
MONACO, J.
Michael Carrion seeks a writ of prohibition to prevent the trial court from proceeding with his criminal trial before he has had a mental health evaluation. In view of the due process implications raised by the facts, we elect to treat the petition as one seeking certiorari, and grant the writ.
Mr. Carrion was charged with a life felony, and the public defender's office was appointed to represent him. Subsequently, the trial court entered an order recognizing that reasonable grounds had been presented to question Mr. Carrion's competency to proceed with a trial. In the order the court appointed two mental health experts to examine Mr. Carrion to address the issue of competency, as well as the issue of sanity at the time of the alleged offense. There are a number of theories put forth regarding why Mr. Carrion was never examined, including that the mental health experts never received a copy of the order appointing them. In any event, the examination has never been performed.
In early September the case was assigned to a different attorney in the Public Defender's Office. Shortly thereafter the State filed an amended witness list, and the case was set for a pre-trial conference. At the pre-trial conference Mr. Carrion's newly appointed counsel moved for a continuance because discovery was not completed. The trial court denied the motion and set the case for trial. While preparing for trial, defense counsel learned that the mental health evaluations were never conducted. He immediately presented a written motion for continuance based on the lack of mental health evaluations. At the hearing on this motion the trial court again denied the continuance, apparently because Mr. Carrion had now returned to school. The court concluded that if Mr. Carrion could "function in the community at that level, he should be here for trial." We granted a stay pending our review of this case.
Rule 3.210(a) of the Florida Rules of Criminal Procedure, reads, in part, as follows:
A person accused of an offense ... who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent.
*565 A trial, of course, is defined in subparagraph (a)(1) of the rule as a "material stage." The rule then prescribes the methodology for determining competency to proceed, saying in subparagraph (b) that if at any material stage of a criminal proceeding a court has reasonable grounds to believe that the defendant is not mentally competent to proceed, "the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition," and appoint the appropriate experts to examine the defendant. There does not appear to be any discretion on the part of the trial court once it makes the determination that there are reasonable grounds to believe the defendant is not mentally competent. If the trial judge has reasonable grounds to believe that a criminal defendant is not competent to proceed, then the court must conduct a competency hearing. See Kelly v. State, 797 So.2d 1278, 1280 (Fla. 4th DCA 2001).
The reason for this rule is founded in a fundamental concept that has been recognized both by the United States Supreme Court and the Florida Supreme Court. Where the evidence presented entitles a criminal defendant to a competency hearing, the failure to hold such a hearing deprives the defendant of his constitutional right to a fair trial, in violation of the due process clause of the Fourteenth Amendment to the United States Constitution. See Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Jones v. State, 740 So.2d 520 (Fla.1999); see also Broomfield v. State, 788 So.2d 1043 (Fla. 2d DCA), review denied, 800 So.2d 616 (Fla.2001). Our jurisprudence teaches that we do not proceed against mentally incompetent persons.
In the present case the trial judge actually entered a written order invoking the competency proceedings described in Rule 3.210. Obviously, the trial judge had been presented with reasonable grounds to question the mental competency of Mr. Carrion at a pretrial stage. Once having come to this conclusion, he was required by the rule to follow the prescribed procedure and to hold a competency hearing. The judge's subsequent extemporaneous evaluation of competency based on the petitioner's return to school is insufficient to ensure that Mr. Carrion is not deprived of his due process right not to be tried while incompetent. See Brockman v. State, 852 So.2d 330 (Fla. 2d DCA 2003); Warren v. State, 543 So.2d 315 (Fla. 5th DCA 1989).
The State argues that writ relief is not available in this case because the petitioner has an adequate legal remedy; namely, that he can appeal if convicted. The supreme court has concluded on a number of occasions, however, that a hearing to determine whether a criminal defendant was competent at the time of trial cannot be held retroactively. See, e.g., Tingle v. State, 536 So.2d 202, 204 (Fla. 1988); Scott v. State, 420 So.2d 595, 598 (Fla.1982). This matter takes on even greater moment where, as here, the trial court has previously determined that a competency examination is appropriate. As we find that all requisites to the granting of a petition for writ of certiorari are satisfied, see Carrow v. The Florida Bar, 848 So.2d 1283 (Fla. 2d DCA), review dismissed, 858 So.2d 330 (Fla. Oct. 1, 2003), we grant the petition and stay the trial of this case contingent upon the holding of a competency hearing.
PETITION GRANTED.
THOMPSON and TORPY, JJ., concur.