906 So.2d 1273 (2005)
Nathan B. PARKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-1021.
District Court of Appeal of Florida, Fifth District.
July 29, 2005.
Nathan B. Parker, Malone, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and LaMya A. Henry, Assistant Attorney General, Daytona Beach, for Respondent.
PETERSON, J.
Nathan B. Parker seeks a belated appeal, pursuant to Florida Rule of Appellate Procedure 9.141(c), alleging ineffective assistance of appellate counsel.
A jury convicted Parker of home invasion robbery while armed with a deadly weapon.[1] Recognizing that enhancement of a defendant's sentence is impermissible unless a defendant actually possesses a weapon during the commission of a crime, defense counsel at trial moved for a judgment of acquittal. The trial court denied the motion and Parker's conviction was enhanced from a first-degree felony to a life felony, pursuant to section 775.087(1)(a), Florida Statutes (2001), for carrying a weapon during the robbery.
The State now acknowledges that enhancement is impermissible unless a defendant actually possesses a weapon during the commission of the crime. See, e.g., State v. Rodriguez, 602 So.2d 1270 (Fla.1992); Blanc v. State, 899 So.2d 455 (Fla. 4th DCA 2005); Thompson v. State, 862 So.2d 955 (Fla. 2d DCA 2004); Clark v. State, 701 So.2d 912 (Fla. 4th DCA 1997). See also Demps v. State, 649 So.2d 938 (Fla. 5th DCA 1995).
Parker's appellate counsel, however, failed to raise the enhancement issue during the previous appeal resulting in an affirmance. See Parker v. State, 842 So.2d 130 (Fla. 5th DCA 2003). Accordingly, we grant the petition. A copy of this opinion shall be filed with the trial court and treated as the notice of appeal.
GRANT BELATED APPEAL.
SHARP, W., and ORFINGER, JJ., concur.
NOTES
[1] §§ 812.13(1), 812.135 and 775.087(1)(a), Fla. Stat. (2001).