925 So.2d 370 (2006)
Jimmy Eugene COCHRAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-3919.
District Court of Appeal of Florida, Fifth District.
March 3, 2006.
Rehearing Denied April 3, 2006.
*371 Jimmy Eugene Cochran, Lake Butler, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Respondent.
GRIFFIN, J.
Petitioner seeks a writ of habeas corpus, alleging ineffective assistance of appellate counsel. After trial, on October 29, 2003, petitioner was convicted of armed burglary, aggravated battery, and grand theft auto. Petitioner was adjudicated a habitual offender and was sentenced to life imprisonment. On appeal, counsel raised four issues, and the court affirmed per curiam. See Cochran v. State, 900 So.2d 569 (Fla. 5th DCA 2005). Petitioner filed a previous 3.800(a) motion to correct sentencing error, which was denied. Petitioner also filed a previous motion to mitigate sentence, which was also denied.
Petitioner now claims that appellate counsel was ineffective for failing to argue that the trial court erred in conducting his trial before making a determination of competency after having entered a written order invoking the competency proceedings described in Florida Rule of Criminal Procedure 3.210. Under this rule, if at any material stage of a criminal proceeding, the court of its own motion or on motion of counsel for the defendant or the state, has reasonable ground to believe that defendant is not mentally competent to proceed, the court shall immediately enter an order setting a time for a hearing to determine the defendant's mental condition. The court must order the defendant to be examined by no more than three, nor fewer than two, experts prior to the date of the hearing.
In this case, defense counsel on July 17, 2003, filed a motion for psychiatric examination to determine both defendant's sanity at the time of the offense and his competency to proceed, pursuant to Florida Rules of Criminal Procedure 3.210 and 3.211. The motion alleged that defendant *372 had made statements to his counsel indicating that he might be suffering from mental and emotional disturbances which might prevent him from adequately assisting his counsel in preparation of his defense. Defense counsel also asserted that it appeared that defendant was insane at the time of the alleged offense. The trial court granted the motion on August 1, 2003, and appointed Dr. Olander and Dr. Gutman as experts. The competency hearing was scheduled for September 12, 2003, in excess of the twenty days contemplated by the rule.
On August 25, 2003, when the case was called up for trial, defense counsel filed a motion to continue because the evaluations had not been completed. The trial court granted the motion and reset the case for October 13, 2003. On September 18, 2003, one psychological evaluation report was filed. Dr. Olander concluded that petitioner was competent to proceed to trial and did not meet the criteria for insanity.
On October 13, 2003, the case was called up for trial. At that time, defense counsel asked the court again to continue the case and argued that only one psychological evaluation had been done. The trial court denied the second motion to continue, but put the case at the end of the docket. The trial did not take place for two more weeks. Petitioner went to trial without two psychological evaluations and without a competency hearing.
In the initial brief filed on appeal, appellate counsel raised four issues, but did not raise the lack of a competency determination. The procedure described in the criminal rules makes it the trial court's responsibility to appoint the experts and to schedule the competency hearing. See Fla. R.Crim. P. 3.210(b) and 3.211(a).
In Tingle v. State, 536 So.2d 202 (Fla. 1988), the supreme court held that a trial court erred in denying a motion to determine competency where there were reasonable grounds to believe that the defendant may have been incompetent. Finding that there can be no retroactive determination that a defendant was competent at the time he was tried, the supreme court vacated Tingle's conviction and sentence and remanded for a competency determination and retrial if Tingle were to be found competent. See also Scott v. State, 420 So.2d 595 (Fla.1982).
We decided a case similar to this one in 2003. Carrion v. State, 859 So.2d 563 (Fla. 5th DCA 2003), the defendant was charged with a life felony, and the public defender's office was appointed to represent him. Subsequently, the trial court entered an order recognizing that reasonable grounds had been presented to question Carrion's competency to proceed with the trial. The court appointed two mental health experts to examine Carrion to address the issue of competency as well as the issue of sanity at the time of the alleged offense. Carrion was never examined by the mental health experts. While preparing for trial, defense counsel learned that the mental health evaluations were never conducted and presented a written motion for continuance based on the lack of mental health evaluations. At a hearing, the court denied a continuance, finding that Mr. Carrion had returned to school. The court concluded that if Carrion could "function in the community at that level, he should be here for trial." Id. at 564. Counsel for Carrion filed a pretrial petition for writ of prohibition, which this court treated as a petition for writ of certiorari and granted. We noted that under Florida Rule of Criminal Procedure 3.210, there is no discretion on the part of the trial court once it makes the determination that there are reasonable grounds to believe that a defendant is not mentally competent. The court must conduct a competency hearing, and *373 the failure to hold such a hearing deprives the defendant of his constitutional right to a fair trial, in violation of the due process clause of the Fourteenth Amendment to the United States Constitution. We held that the judge's subsequent extemporaneous evaluation of competency based on Carrion's return to school was insufficient to ensure that Carrion was not deprived of his due process right to a fair trial.
It appears from Carrion that if the trial court is made aware by a motion for continuance that a competency hearing has not been conducted, the trial should not proceed until the competency hearing is conducted. Cf. Sledge v. State, 871 So.2d 1020 (Fla. 5th DCA 2004) (once defendant is found to be incompetent, court cannot proceed to trial until formal competency hearing is conducted to determine restoration of competency). If appellate counsel had raised the lack of a full evaluation and competency hearing on appeal, it is likely that the conviction and sentence would have been reversed. Cf. Harris v. State, 864 So.2d 1252 (Fla. 5th DCA 2004).
The State takes the position that the decision to deny the requested continuance based on the lack of a second evaluation is simply a question of whether the trial court abused its discretion in denying a continuance and urges that the trial court cannot be faulted if defense counsel failed to provide an adequate basis to support the need for further evaluation. However, once the trial court enters an order appointing experts upon a reasonable belief that the defendant may be incompetent, a competency hearing must be held. We cannot determine why no hearing took place on September 12, 2003, the date on which the hearing was scheduled, or why the case was originally called for trial on August 25, 2003, a date prior to the competency hearing. For whatever reason, petitioner apparently was not examined by the second mental health expert, and a competency hearing was never held. When the matter was raised, the judge simply denied the motion for continuance. Based on what has been presented to us, it appears to have been ineffective assistance of appellate counsel not to raise this issue on appeal.[1] A copy of this opinion shall be filed with the trial court and treated as a notice of appeal. Parker v. State, 906 So.2d 1273 (Fla. 5th DCA 2005).
PETITION GRANTED.
SHARP, W., and LAWSON, JJ., concur.
NOTES
[1] This case is unlike Bradshaw v. State, 744 So.2d 1095 (Fla. 5th DCA 1999), in which there is no indication that competency proceedings under Rule 3.210 had been invoked.