EVANDER, J.
Sanfeliz petitions the court for a writ of mandamus to compel the lower court to schedule a competency hearing. We treat Sanfeliz’s petition as a petition for writ of certiorari. See Carrion v. State, 859 So.2d 563 (Fla. 5th DCA 2003) (where evidence presented entitled defendant to competency hearing, failure to hold hearing deprived defendant of due process rights; writ of certiorari was appropriate remedy). We grant the petition. Based on the facts presented, we conclude that the trial court was required to hold a competency hearing.
In October 2010, Sanfeliz was arrested for battery on a law enforcement officer and resisting an officer with violence. The alleged criminal acts occurred while deputies were taking Sanfeliz into custody for an involuntary examination pursuant to the Florida Mental Health Act (commonly referred to as the “Baker Act”). See § 394.451-.4789, Fla. Stat. (2010).
Defense counsel developed concerns that Sanfeliz was incompetent to proceed and retained two doctors to perform confidential mental examinations of the defendant. The doctors were on the Ninth Circuit Court’s list of approved expert forensic evaluators. Both doctors concluded that Sanfeliz was incompetent to proceed.
Defense counsel furnished the trial court and the prosecutor with copies of the doctors’ reports, filed a “Notice that Defense Counsel has Reasonable Grounds to Believe Defendant is Incompetent to Proceed” and, ultimately, requested a competency hearing.
The State refused to stipulate that San-feliz was incompetent and objected to the reliability of the doctors’ reports because of a lack of opportunity to be present at the examinations and/or to present information to the doctors. The State argued that the defendant was not entitled to a competency hearing unless defense counsel first requested the appointment of experts.
Defense counsel insisted that the notice provided was sufficient to trigger the trial court’s responsibility under Rule 3.210(b), Florida Rules of Criminal Procedure, to hold a competency hearing within 20 days. That rule provides in part:
If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant’s mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the state and the defendant may be present at any examination ordered by the court.
Defense counsel refused to file a motion to appoint experts, indicating his intent to rely on the two doctors previously retained. The State also refused to move for the appointment of experts, arguing that it had no reasonable grounds to believe that the defendant was incompetent.
The trial court refused to sua sponte appoint an expert and declined to adopt the findings of the defendant’s retained *392 experts because their examinations were conducted without the opportunity for input from, or observation by, the State. The trial court determined that unless defense counsel specifically requested the appointment of experts, it was not required to hold a competency hearing. When defense counsel again refused to do so, the trial court struck defendant’s motion requesting a competency hearing.
Where a trial court is presented with reasonable grounds to believe that a defendant is incompetent to proceed, it must order a competency hearing. Maxwell v. State, 974 So.2d 505, 510 (Fla. 5th DCA 2008); see also Mairena v. State, 6 So.Bd 80, 85 (Fla. 5th DCA 2009); Cochran v. State, 925 So.2d 370, 372-73 (Fla. 5th DCA 2006); Carrion v. State, 859 So.2d at 565.
Here, the record reflects that the trial court recognized the existence of reasonable grounds to believe that Sanfeliz was mentally incompetent. The trial court observed that Sanfeliz was arrested when he was being taken into custody under the Baker Act, and that two doctors, recognized by the Ninth Circuit Court as expert forensic evaluators, had opined that San-feliz was incompetent to proceed. The basis of the trial court’s refusal to hold a competency hearing was the mistaken belief that defense counsel was required to move for an appointment of experts.
The first clause of the first sentence of Rule 3.210(b) addresses a court’s obligation to hold a competency hearing and expressly provides that if a judge “has reasonable ground to believe that the defendant is not mentally competent to proceed,” the court shall immediately schedule a hearing to determine the defendant’s competency. See also Caraballo v. State, 39 So.3d 1234, 1252 (Fla.2010). The sentence’s last clause addresses the appointment of experts, and provides that upon scheduling the competency hearing, the court “may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing.” Thus, pursuant to the express language of the rule, the trial court’s obligation to hold a competency hearing is not dependent on defense counsel’s filing of a motion to appoint experts.
At the hearing below, the State expressed frustration that the defendant was utilizing a procedure whereby the State was not afforded the opportunity to be present at the defendant’s examination. However, the State did not have the right to be present at the confidential examinations scheduled by defense counsel. Rule 3.210(b) provides that “[attorneys for the state and the defendant may be present at any examination ordered by the court.” (emphasis added). The State may, of course, argue that the testimony of the experts retained by defense counsel should be given less weight where they conducted their examination without input from, or observation by, the State.
PETITION GRANTED.
ORFINGER and TORPY, JJ., concur.