PER CURIAM.
 

 Brock Shade appeals an order summarily denying his postconviction claims filed pursuant to Florida Rule of Criminal Procedure 3.850. Shade’s postconviction motion asserted seven grounds of ineffective assistance of counsel. The trial court correctly denied grounds four, five, and six, and we affirm without elaboration. However, it erred in denying Shade’s remaining claims.
 

 In exchange for a significantly reduced sentence, Shade resolved his seven cases involving multiple drug-related charges by pleading guilty in six cases and nolo con-tendere in the other. As part of his nolo plea, Shade specifically reserved the right to appeal the trial court’s Williams
 
 [1]
 
 rule decision. On direct appeal, appellate counsel filed an Anders
 
 [2]
 
 brief addressing both the merits of the decision and the fact it was not dispositive or preserved. This court issued a
 
 per curiam
 
 affirmance.
 
 Shade v. State,
 
 7 So.3d 1117 (Fla. 5th DCA 2009).
 

 Claims one, two and three of Shade’s rule 3.850 motion are interrelated and alleged that counsel was ineffective for misadvising him that the
 
 Williams
 
 ruling was dispositive and properly preserved for appeal. Shade asserts he would not have entered the plea agreement had he known the
 
 Williams
 
 ruling was not properly preserved. The trial court denied the claims because there was no record evidence indicating the
 
 Williams
 
 ruling was dispositive or that Shade’s plea was contingent upon it being dispositive. Rather, “counsel for Defendant merely took the steps to ensure that Defendant’s right to appeal the Court’s
 
 Williams
 
 rule issue was properly preserved.”
 

 The problem with the trial court’s conclusion is that a
 
 Williams
 
 rule decision can only be preserved for appellate review if it is dispositive. Failure to preserve an issue for appeal may constitute ineffective assistance of counsel, so long as the requirements of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), are met.
 
 See Merkison v. State,
 
 1 So.3d 279, 281 (Fla. 1st DCA 2009). A claim that a defendant was induced to enter a plea upon counsel’s erroneous advice that an issue was preserved for appeal is facially sufficient.
 
 See Hawley v. State,
 
 822 So.2d 552 (Fla. 1st DCA 2002). “[T]he voluntariness of a plea can be undercut if the decision to plead is influenced by erroneous advice regarding the defendant’s appellate rights.”
 
 Helms v. State,
 
 573 So.2d 116, 116 (Fla. 2d DCA 1991).
 

 
 *1216
 
 In this case, Shade’s claim was facially sufficient because he alleged that he would not have entered the plea agreement had he known the
 
 Williams
 
 ruling was not properly preserved. The trial court’s attachments to its order do not conclusively refute this claim. Rather, they reflect that Shade entered the plea under the belief that he could appeal the
 
 Williams
 
 ruling, he hesitated before entering the plea, and he was assured at least six times that the
 
 Williams
 
 ruling was preserved for appeal. Shade’s understanding regarding the dis-positiveness is best resolved in an eviden-tiary hearing.
 
 Id.
 

 We also note that this court’s prior “per curiam affirmance without opinion on direct appeal does not establish whether the specific issue was or was not preserved for appeal.”
 
 Tidwell v. State,
 
 844 So.2d 701, 702-03 (Fla. 1st DCA 2003),
 
 citing Daniels v. State,
 
 806 So.2d 563, 564 (Fla. 4th DCA 2002). “In such a case, a per curiam affirmance might just as well have been based on the conclusion that the issue was not preserved, as on the conclusion that the issue, though properly preserved, lacked merit.”
 
 Id.
 
 at 703.
 

 Accordingly, we reverse and remand for an evidentiary hearing to determine the parties’ understanding regarding the dis-positiveness of the
 
 Williams
 
 ruling and whether Shade would have accepted the plea without this issue being preserved.
 

 We also find the trial court erred in denying Shade’s seventh claim as con-clusory. When an initial rule 3.850 motion is determined to be insufficient, the trial court abuses its discretion when it fails to allow the defendant one opportunity to amend the motion.
 
 See Spera v. State,
 
 971 So.2d 754 (Fla.2007). We therefore reverse the portion of the trial court’s order denying claim seven, and direct the trial court to strike the claim with leave to amend so long as Shade can do so in good faith.
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 ORFINGER, COHEN and JACOBUS, JJ., concur.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d. 654 (Fla.1959).
 

 [2]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).