PER. CURIAM.
 

 Charles Edward Burns appeals from his conviction and sentence on a charge of burglary of an occupied dwelling. He argues that the trial court erred by proceeding to trial without conducting a hearing to determine his mental competence after entering an order invoking the competency proceedings set forth in Florida Rule of Criminal Procedure 3.210.
 
 See Vestal v. State,
 
 50 So.3d 733, 735 (Fla. 5th DCA 2010) (having concluded that a “mental examination of [defendant] was necessary to determine if she was competent to proceed ...” the trial court was required to follow the prescribed procedure and hold a competency hearing) (citations omitted). We agree, reverse the conviction and sentence, and remand for a new trial contingent upon a determination that Burns is competent to proceed.
 
 Id.; see also, Maxwell v. State,
 
 974 So.2d 505 (Fla. 5th DCA 2008);
 
 Cochran v. State,
 
 925 So.2d 370 (Fla. 5th DCA 2006);
 
 Carrion v. State,
 
 859 So.2d 563, 565 (Fla. 5th DCA 2003).
 

 REVERSED AND REMANDED.
 

 PALMER, LAWSON, and EVANDER, JJ., concur.