PER CURIAM.
An amended information charged Re-nard Williams (Appellant) with two counts of armed robbery with a firearm while wearing a mask. Appointed counsel filed a notice under section 916.115, Florida Statutes (2009), and Florida Rule of Criminal *976 Procedure 3.210(b)(1) alleging reasonable grounds to believe Appellant was not mentally competent to stand trial and seeking a hearing. A series of mental health reports and hearings culminated in the trial court’s October 2010 determination that Appellant was competent to stand trial. A motion for reconsideration was denied.
On February 7, 2011, Appellant entered a plea of no contest to the lesser-included offense of robbery with no weapon but while wearing a mask (Count One), expressly reserving the right to appeal the order finding him competent to proceed. The State nolle prossed Count Two. Under the initial charges, Appellant could have been sentenced to life in prison. The negotiated plea offer contemplated 15 years’ incarceration. The court found a factual basis for the plea; accepted the plea as freely, knowingly, and voluntarily made; adjudicated Appellant guilty; and sentenced him to 15 years in prison. The statement of judicial acts to be reviewed listed the competency hearings and rulings, the plea colloquy, and sentencing.
Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), addressing the competency order and the subsequent plea and finding no reversible error. In his pro se brief, Appellant raised issues that are either not cognizable on direct appeal or were waived by pleading no contest without expressly reserving the claim. Bruno v. State, 807 So.2d 55, 63 n. 14 (Fla.2001); Henry v. State, 933 So.2d 28, 29 (Fla. 2d DCA 2006). We write only to address the competency issue.
 Having pled no contest, Appellant is limited as to the issues he can raise on direct appeal. Robinson v. State, 373 So.2d 898, 902 (Fla.1979). A defendant who pleads no contest may expressly reserve the right to appeal a prior dispositive order of the lower tribunal. Fla. R.App. P. 9.140(b)(2)(A)(i). An issue is dispositive only when it is clear that there will be no trial, regardless of the outcome of the appeal. Fuller v. State, 748 So.2d 292, 294 (Fla. 4th DCA 1999). Appellant reserved the right to challenge the competency order on appeal. Of significance in this case, however, is the appellate rule’s requirement that the ruling Appellant seeks to reserve for appeal be dispositive. The State did not stipulate, and the trial court did not determine, that the order finding Appellant competent is dispositive. Precedent holds, and we agree, that an order finding a defendant competent is not legally dispositive. Burns v. State, 884 So.2d 1010, 1012 (Fla. 4th DCA 2004); Delisa v. State, 910 So.2d 418, 421 (Fla. 4th DCA 2005) (“[Competency fe not a dispositive issue since it only precludes the trial from immediately proceeding.”); Fuller, 748 So.2d at 294 (“An order determining a defendant competent does not preclude an immediate trial; trial proceeds. Therefore the issue is not dispositive.”).
A challenge to the voluntary and intelligent nature of a plea also falls within the limited class of issues that a defendant can raise on appeal without specifically having reserved the right to do so. First, however, the defendant must preserve the competency issue by presenting it to the trial court in a timely motion to withdraw plea. Trawick v. State, 473 So.2d 1235, 1238 (Fla.1985); Burns, 884 So.2d at 1013; Rhodes v. State, 704 So.2d 1080, 1083 (Fla. 1st DCA 1997). Because the record before us does not reflect a motion to withdraw the no-contest plea, the voluntary and intelligent character of the plea is not cognizable on appeal. Fuller, 748 So.2d at 294; Trujillo-Pentate v. State, 609 So.2d 72, 73 (Fla. 1st DCA 1992), quashed on other grounds, 620 So.2d 1231 (Fla.1993).
For the foregoing reasons, we affirm the appeal. M.N. v. State, 16 So.3d 280 (Fla. *977 2d DCA 2009) (en banc) (citing Leonard v. State, 760 So.2d 114, 118-19 (Fla.2000)); Sears v. State, 920 So.2d 709 (Fla. 4th DCA 2006) (on mot. for reh’g and/or clarification).
AFFIRMED.
WETHERELL and RAY, JJ., concur.
BENTON, C.J., concurs "with opinion.