BENTON, C.J.,
concurring.
For the reasons the majority opinion explicates, I agree precedent requires us to affirm without reaching or requiring briefing by counsel on any question concerning the appellant’s competency to (stand or) waive trial. See Morgan v. State, 486 So.2d 1356, 1357 (Fla. 1st DCA 1986) (“[W]e cannot reach that issue because the trial court’s rulings are not dis-positive.”). But the record is not inconsistent with the view that appellant’s plea was induced by assurances that competency issues would be addressed on direct appeal:
THE COURT: ... Okay. Mr. Williams, do you understand that there previously was a decision made by another judge that found you competent to proceed to trial? And your attorney asked that to be reconsidered, and he wants to — he wanted to reserve the opportunity to challenge whether or not that was a correct determination. Do you understand that?
THE DEFENDANT: Uh-huh (Indicating Affirmatively).
THE COURT: And so I’m going to allow you to reserve the right to challenge the determination that you were competent to proceed to trial. And if an Appeal Court finds that you should not have been found competent, then the case will come back and we’ll sort of start over. Do you understand that?
THE DEFENDANT: Uh-huh (Indicating Affirmatively).
THE COURT: Do you understand that if the Appeal Court finds that the judge did not make an error finding that you were competent to proceed to trial, then your sentence will be what it is according to this plea agreement? Do you understand that?
THE DEFENDANT: Uh-huh (Indicating Affirmatively).
THE COURT: Okay. And do you understand that if you enter a plea, with the exception of your right to appeal, you’re giving up the rights that you have such as a right to have a trial in your case. Do you understand?
THE DEFENDANT: Uh-huh (Indicating Affirmatively).
Nothing that transpired in the trial court did or could change the scope of our review, which depends on whether declaring appellant competent to proceed was “dis-positive” within the meaning of Florida Rule of Appellate Procedure 9.140(2)(a). See Brown v. State, 376 So.2d 382, 384 (Fla.1979); Fuller v. State, 748 So.2d 292, 294 (Fla. 4th DCA 1999) (holding competency is not a dispositive issue); Phuagnong v. State, 714 So.2d 527, 528-29 (Fla. 1st DCA 1998).
In circumstances not unlike those in the present case, the Fourth District affirmed a conviction and sentence “without prejudice to appellant’s right to seek to withdraw his plea. See Leonard v. State, 760 So.2d 114, 119 (Fla.2000); Hagins v. State, 900 So.2d 735 (Fla. 4th DCA 2005).” Sears v. State, 920 So.2d 709, 709 (Fla. 4th DCA 2006) (on reh.). Even if Florida Rule of Criminal Procedure 3.170 is no longer available to appellant on remand, Florida Rule of Criminal Procedure 3.850 contemplates collateral relief from convictions predicated on pleas that are not voluntary *978 and intelligent. Fla. R.Crim. P. 3.850(a)(1) and (5).