BENTON, C.J.,
concurring in the judgment.
It is important that the defendant understand what the consequences of his or her plea are, including what can and cannot be reviewed on direct appeal, at the time the plea is entered. As we recently explained in Williams v. State, — So.3d -, 2012 WL 1109129 (Fla. 1st DCA Apr. 4, 2012), following supreme court precedent on the point, see Brown v. State, 876 So.2d 382, 384 (Fla.1979) and State v. Ashby, 245 So.2d 225, 228 (Fla.1971):
A defendant who pleads no contest may expressly reserve the right to appeal a prior dispositive order of the lower tribunal. Fla. R.App. P. 9.140(b)(2)(A)(i). An issue is dispositive only when it is clear that there will be no trial, regardless of the outcome of the appeal. Fuller v. State, 748 So.2d 292, 294 (Fla. 4th DCA 1999).
Williams, — So.3d at -. See also Morgan v. State, 486 So.2d 1356, 1357 (Fla. 1st DCA 1986) (“[W]e cannot reach that issue because the trial court’s rulings are not dispositive.”). Whether a ruling is dispositive is a question for the trial court, and not for us, in the first instance, because it is imperative that the defendant’s plea be voluntary and intelligent.
Here, as in Williams, “the record is not inconsistent with the view that appellant’s plea was induced by assurances that [certain] issues would be addressed on direct appeal.” — So.3d at -. (Benton, C.J., concurring). Here, as in Williams, however, no relief is available on the present appeal from a conviction predicated on a plea that was not intelligent, in the absence of a motion to withdraw the plea in the trial court. See Leonard v. State, 760 So.2d 114, 119 (Fla.2000) (“A summary disposition ... will advance the interests of judicial economy and fulfill the purposes of the Criminal Appeals Reform Act by efficiently disposing of appeals where the defendant pleaded ... nolo contendere and the appeal ... does not present ... a legally dispositive issue that was expressly reserved for appellate review pursuant to section 924.051(4).”). Possibly without counsel, appellant is left to avail himself of “Florida Rule of Criminal Procedure 3.850 [which] contemplates collateral relief from convictions predicated on pleas that are not voluntary and intelligent. Fla. R.Crim. P. 3.850(a)(1) and (5).” Williams, — So.3d at - (Benton, C.J., concurring).