IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KEVYN TERRY,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5633

_____/

Opinion filed September 16, 2014.

An appeal from the Circuit Court for Alachua County.
Stanley H. Griffis, III, Judge.

Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Lauren Brudnicki, Assistant Attorney General, Tallahassee, for Appellee.

LEWIS, C.J.

In this direct appeal, Appellant, Kevyn Terry, argues that the trial court erred in denying his unopposed motion for a continuance. Notwithstanding the State's concession of error, we affirm. Appellant, who pled nolo contendere to the

charged offenses, did not reserve the right to appeal the denial of his motion for a continuance, and the order denying his motion was not dispositive.  See Fla. R. App. P. 9.140(b)(2)(A)(i) (providing that a defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved); Williams v. State, 134 So. 3d 975, 976 (Fla. 1st DCA 2012) (holding that although the appellant reserved the right to challenge the competency order on appeal, the order was not legally dispositive and was, therefore, not cognizable on appeal); M.N. v. State, 16 So. 3d 280, 281 (Fla. 2d DCA 2009) (en banc) (affirming the order placing the appellant on probation, which was entered pursuant to a nolo contendere plea, because the challenged order on the appellant's motion to continue was not dispositive).[1]

    AFFIRMED.

MARSTILLER, J., CONCURS; BENTON, J., DISSENTS WITH OPINION.

---

[1] We find the dissent's reliance upon Madison v. State, 132 So. 3d 237 (Fla. 1st DCA 2013), to be misplaced.  Although we reversed the appellant's convictions and sentences in that case based upon our conclusion that the trial court erred in denying the appellant's second motion for continuance, there was no reservation of rights issue given that the appellant proceeded to trial instead of pleading.

BENTON, J., dissenting.

I would accept the state's concession of error in this case, which involved the denial of an initial motion for continuance filed by replacement counsel who had actually made an appearance in the case. See generally Madison v. State, 132 So. 3d 237, 239 (Fla. 1st DCA 2013) (reversing for failure to grant a successive motion for continuance where "replacement counsel had [reportedly] agreed to take Madison's case if the continuance was granted"). The state's brief asserts not only that denial of the motion for continuance was an abuse of discretion but also that appellant's "plea was not voluntary."