COHEN, J.
Joshua Anderson appeals the denial of - his motion for postconviction relief, alleging ineffective assistance of counsel. His motion arises from a finding by the trial court that Anderson was competent to stand trial contrary to evaluations by several psychologists. We reverse.
*1147 Anderson was the driver of a . car involved in an April 2000 accident in which one passenger died and two others were seriously injured. The State charged Anderson with one count of DUI manslaughter and two counts of DUI with serious bodily injury. Anderson was also seriously injured in the accident — he suffered traumatic brain injury .and lost the use of one arm. As a result of his mental condition following the accident, his parents were appointed as his guardians. '
Anderson received initial emergency care at University of Florida Shands Hospital (“UF-SH”), and was subsequently treated in Wyoming and then Michigan while residing with his parents. • While undergoing treatment, his mental capacity was evaluated by three different psychologists, one of whom evaluated him at the State’s request, for competency to stand trial. Each evaluator determined that Anderson suffered significant mental impairment, and the State-requested evaluation found him incompetent to stand trial.
■Despite these' findings, Anderson was extradited to Florida in 2009. Upon his return, he was examined by Dr. Keiski and Dr. Dede at UFrSH. These psychologists, too, found him incompetent to proceed to. trial due to amnesia caused by moderate to severe traumatic brain injury, Although they suggested .that Anderson’s competence might be restored in the future, they felt his condition was probably permanent. Based- upon those, evaluations, the. trial court committed Anderson to Florida State University Hospital (“FSUH”), where he was treated for three months.
Anderson was later reevaluated by Dr. Gary Simmons, senior psychologist at FSUH, who filed a report once again finding Anderson incompetent. Dr. Simmons reported that Anderson “lack[ed] the capacity to reasonably appropriate some material that could prove integral to his case, ... ha[d] difficulty making independent decisions about potential plea offers, ... [and had] a time-limited ability to attend to the proceedings of the Court;” The doctor found these cognitive and attention deficits had not been remedied despite the hospital’s best efforts. Because the condition had persisted for ten years at that point, Dr.- Simmons also opined that Anderson would likely remain incompetent.
Notwithstanding this ten-year evaluation and treatment history, which included -a commitment to a state hospital and unanimous expert opinions that Anderson was not competent, the trial court found Anderson competent to proceed- to trial. Anderson’s public defender sought to challenge the trial court’s determination but, due to procedural errors on counsel’s part, failed to obtain appellate review of that finding, which gave rise to Anderson’s claim of ineffective assistance of counsel.
Defense counsel steadfastly maintained that his client was not competent to proceed and advised Anderson that the proper way to challenge the trial court’s ruling on his competency was to enter a “conditional” plea of no contest that “reserve[ed] his right to appeal the competency determination made by the [trial court].” This advice was patently wrong. To make matters worse, counsel for the State agreed that Anderson would have the right following the plea to appeal the court’s competency determination.
After sentencing, Anderson filed an appeal seeking review of the trial court’s determination of his competency. This Court, however, affirmed the judgment and sentence without reaching the competency issue. Anderson v. State, 79 So.3d 884 (Fla. Sth DCA 2012). Our opinion cited Burns v. State, 884 So.2d 1010 (Fla. 4th DCA 2004), which held that where a defendant enters a plea of guilty *1148 or no contest, a trial court’s finding as to competency is not a dispositive order and can be reviewed only if the defendant first files a motion to withdraw his plea.[1] Id, at 1012 (citing Fuller v. State, 748 So.2d 292, 294 (Fla. 4th DCA 1999)). A trial court’s determination that a defendant is competent to stand trial is generally not reviewable until after a conviction at trial. See Fuller, 748 So.2d at 293-94.
Anderson’s attorney was obviously unfamiliar with this limitation, and failed to conduct adequate legal research on the proper manner to challenge the trial court’s finding that Anderson was competent to stand trial. It was not until the initial appeal was denied that Anderson moved to withdraw his plea. The trial court denied that motion on its merits. Anderson appealed a second time, and this Court affirmed that denial — again without reaching the competency issue — because the motion to withdraw the plea was untimely. Anderson v. State, 116 So.3d 614 (Fla. 5th DCA 2013).[2]
Anderson then moved for postconviction relief alleging multiple grounds, including ineffective assistance for counsel’s failure to file a timely motion to withdraw the plea. The trial court, in a series of orders, summarily denied all of Anderson’s claims except for his ineffective assistance of counsel claim. At an evidentiary hearing, defense counsel testified that both he and the assistant state attorney believed the competency issue was dispositive, and that a plea reserving the right to. appeal the trial court’s competency finding was the proper way to challenge the ruling. Following that hearing, the trial court denied the ineffective assistance claim as well.
Claims of ineffective assistance of counsel are analyzed under the test announced in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring a showing of both ineffectiveness and prejudice). For ineffective assistance claims stemming from a plea agreement, Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), interpreted the prejudice prong of the Strickland test to require the movant to show a reasonable probability that, but for trial counsel’s errors, he would not have entered a plea and would have insisted on a trial. See also State v. Dickey, 928 So.2d 1193, 1197-98 (Fla.2006) (adopting the Hill test for prejudice). A claim that a defendant was induced to enter a plea upon counsel’s erroneous advice that an issue was preserved for appeal is facially sufficient to show the requisite prejudice. Shade v. State, 59 So.3d 1214, 1215-16 (Fla. 5th DCA 2011).
Defense counsel recommended that Anderson enter a “conditional” plea of no contest in order to appeal the trial court’s competency determination. Ineffectiveness does not get much clearer than that. Anderson desired to appeal the competency determination, and he alleged in his motion that, if not for the affirmative mis-advice of counsel, he would have rejected the plea offer and proceeded to trial.
*1149 The trial court’s order concluded that counsel’s failure to timely withdraw the plea was a strategic choice, citing Strickland: “[Strategic choices made after a thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable.” Assuming arguendo that the decision to enter a plea rather than proceed to trial was a strategic choice, there was nothing strategic about failing to file a timely motion to withdraw the plea in order to preserve the issue for appellate review. The record instead demonstrates that entering the plea and failing to file a timely withdrawal motion was not a strategy, since the prosecutor, the public defender, and the trial court all represented to Anderson that his plea was the means to get the issue of his competency to stand trial reviewed by this Court.[3] Strategy presupposes a course of action that, at least theoretically, would be of benefit to the client. The course of action taken by Anderson’s counsel did nothing more than ensure he would not obtain the review Anderson desired; it was in all respects ineffective. The trial court erred in denying Anderson’s motion for postcon-viction relief. See Shade, 59 So.3d at 1215-16.
Based upon our determination that Anderson’s counsel was ineffective, as alleged in the third ground raised in Anderson’s motion for postconviction relief, it is unnecessary to reach the remaining grounds, although some of them may have merit. Cf. Mantle v. State, 592 So.2d 1190, 1193 (Fla. 5th DCA 1992) (holding that where the record reveals a defendant was misled by a statement made at a plea hearing by the judge or one or both attorneys — even when the misleading statement was a mistake — he should be permitted to withdraw his plea); Helms v. State, 573 So.2d 116 (Fla. 2d DCA 1991) (holding that the voluntariness of a plea can be undercut if the decision to enter the plea is influenced by erroneous advice regarding the defendant’s appellate rights). Anderson’s plea should be set aside. Accordingly, we reverse and remand.
On remand, we encourage the trial court to revisit the competency issue. The trial judge appears to have made his determination largely based upon Anderson’s brief appearance at a hearing. It is not clear what evidence in that setting would have rebutted ten years of expert opinions that Anderson was incompetent based on an inability to pay extended attention and to make independent plea decisions.
REVERSED and REMANDED.
SAWAYA and WALLIS, JJ., concur.

. If the motion to withdraw is denied, competency can be reviewed to ensure the plea was voluntary and intelligent since this is one of the limited issues defendants can raise on appeal without specific reservation. Id. at 1012-13; see also Donaldson v. State, 895 So.2d 1220, 1222 (Fla. 1st DCA 2005) (denying defendant's petition "without prejudice to [his] right to pursue this issue on direct appeal in the event of a conviction”).

. Defendants have thirty days after sentencing to withdraw a plea for the purposes of appeal, but more than ten months had passed since Anderson’s initial appeal. Fla. R.Crim. P. 3.170(Z). Our order was without prejudice to pursue postconviction relief. Anderson, 116 So.3d at 614.

. The trial court’s order on appeal specifically found that the State offered a minimum guideline sentence to induce the plea in order to avoid the expense of a potentially useless trial. The trial court found that "[Anderson] entered a plea in exchange for the minimum sentence,” but in reality, Anderson entered a plea in exchange for a review of the trial court's determination that he was competent to stand trial.