# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-3328
LT Case No. 2022-101121-CFDL

_____

ROBERT JERRY FLEMING,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

Petition for Certiorari Review of Order from the Circuit Court for Volusia County.
Elizabeth A. Blackburn, Judge.

Matthew J. Metz, Public Defender, and Natalie R. Gossett, and Jessica L. Roberts, Assistant Public Defenders, Saint Augustine, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and Daniel P. Caldwell, Assistant Attorney General, Daytona Beach, for Respondent.

April 12, 2024

HARRIS, J.

    Robert Jerry Fleming petitions this Court for certiorari review, challenging a determination that he is competent to

proceed to trial. Because this matter can be addressed on plenary appeal, Fleming has failed to establish irreparable harm, and this petition is properly dismissed. *Anderson v. State*, 183 So. 3d 1146, 1148 (Fla. 5th DCA 2015) (citing *Fuller v. State*, 748 So. 2d 292, 293–94 (Fla. 4th DCA 1999)); *Barton v. State*, 347 So. 3d 382, 384 (Fla. 5th DCA 2021) (citing *Bared & Co. Inc. v. McGuire*, 670 So. 2d 153, 157 (Fla. 4th DCA 1996)).

On June 30, 2022, Fleming was indicted on First Degree Premeditated Murder with a Firearm and Possession of a Firearm by a Convicted Felon. Soon thereafter, his counsel filed a Suggestion of Mental Incompetence to Proceed. The court ordered the required examinations and Fleming was ultimately adjudicated incompetent to proceed.

A few months later, a doctor at the Florida State Hospital filed a report recommending that Fleming had been returned to competency. Before another hearing could be held, counsel filed another Suggestion of Mental Incompetence to Stand Trial, resulting in another evaluation. Another evidentiary hearing was held on Fleming's competency following which the court entered a written order finding him competent to proceed.

Fleming then filed the instant petition for writ of certiorari challenging that order finding competency. The thrust of his argument is that the trial court departed from the essential requirements of the law by relying on an older evaluation rather than the more recent evaluations and expert witnesses presented by the defense at the hearing. However, Fleming must first establish that he is entitled to certiorari relief. *See Holmes Reg'l Med. Ctr., Inc. v. Dumigan*, 151 So. 3d 1282, 1284 (Fla. 5th DCA 2014) (citing *Allan & Conrad, Inc. v. Univ. of Cent. Fla.*, 961 So. 2d 1083, 1087 (Fla. 5th DCA 2007)). We find that he is not.

Fleming recognizes that several courts have held that a determination that a defendant is competent to proceed is reviewable by appeal, and therefore certiorari is unavailable. *See Anderson*, 183 So. 3d at 1148 (citing *Fuller*, 748 So. 2d at 293–94; *Donaldson v. State*, 895 So. 2d 1220, 1222 (Fla. 1st DCA 2005)). However, he argues that in *Addison v. State*, 327 So. 3d 979 (Fla. 1st DCA 2021), the First District has recently found certiorari

2

appropriate in competency proceedings, thereby receding from earlier case law finding certiorari inappropriate. We find *Addison* easily distinguishable.

In *Addison*, even though the defense filed a suggestion of mental incompetence, the trial court refused to appoint an expert to evaluate the defendant and instead conducted a competency hearing with no evaluations whatsoever. The court ultimately entered an order adjudicating the defendant competent based on a lack of evidence from the defense. Because no evaluations were conducted, the First District noted that no retrospective competency determination could be made. It then granted certiorari relief and quashed the order. *Addison*, 327 So. 3d at 984 (citing *Carrion v. State*, 859 So. 2d 563, 565 (Fla. 5th DCA 2003)).

In *Carrion*, we considered a similar case in which the trial court had ordered a competency evaluation of the defendant; however, no evaluations were ever conducted. *Carrion*, 859 So. 2d at 564. Apparently, the defendant had returned to school, prompting the trial court to conclude that the defendant could proceed to trial. *Id.* Noting that the court had already ordered a competency evaluation of the defendant, this Court concluded that the court's subsequent failure to then apply the procedures required deprived the defendant of his due process rights. *Id.* at 565 (citing *Brockman v. State*, 852 So. 2d 330 (Fla. 2d DCA 2003)). We then concluded that plenary appeal would not cure the harm and granted certiorari relief. *Id.*

Fleming's case is distinguishable from *Addison* and *Carrion*. Notably, Fleming challenges only the court's conclusion, not the procedure used. There is no argument that Fleming was not evaluated, or that no competency hearing was held. Unlike *Addison* and *Carrion*, the trial court here has created the requisite record such that this issue can be properly reviewed on plenary appeal. *See Addison*, 327 So. 3d at 984 (citing *Baird v. Mason Classical Acad., Inc.*, 317 So. 3d 264, 267–68 (Fla. 2d DCA 2021)). As plenary appeal is available, we find that Fleming has not established irreparable harm, a jurisdictional element, and accordingly dismiss this petition. *Anderson*, 183 So. 3d at 1148 (citing *Fuller*, 748 So. 2d at 293–94); *Barton*, 347 So. 3d at 384 (citing *Bared & Co.*, 670 So. 2d at 157).

3

PETITION DISMISSED.


WALLIS and SOUD, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____