NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| RODNEY LEON RUSS,<br>DOC #779516, | ) | |
| | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D16-2009 |
| | ) | |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed October 6, 2017.

Appeal from the Circuit Court for
DeSoto County; Kimberly Bonner,
Judge.

Mark C. De Sisto, Port Charlotte, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa,
for Appellee.


PER CURIAM.

Following the entry of a no contest plea to four felonies and two

misdemeanors, Rodney Leon Russ now challenges the trial court's denial of his motion

to suppress the evidence. However, because "there was neither a stipulation nor a

determination by the trial court that the denial of the motion to suppress was

dispositive," we affirm without further comment.  Ferran v. State, 210 So. 3d 97, 97 (Fla. 2d DCA 2016) (per curiam); see also Fla. R. App. P. 9.140(b)(2)(A)(i); Fla Stat. § 924.051(4) (2015); Leonard v. State, 760 So. 2d 114, 119 (Fla. 2000) (holding that "when the [district] court determines that an appeal does not present . . . a legally dispositive issue that was expressly reserved for appellate review," the district court should summarily affirm); Henderson v. State, 135 So. 3d 1092, 1095 (Fla. 2d DCA 2013) (holding that where "there was no finding or agreement that the motion was dispositive, [the defendant] may not appeal the denial of the motion").

Yet, because it appears that Mr. Russ "believed that his plea was conditioned upon the reservation of his right to appeal from the denial of his motion to suppress, our affirmance is without prejudice to [his] right to file a timely motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.850."  See Ferran, 210 So. 3d at 97 (first citing Sears v. State, 920 So. 2d 709, 709 (Fla. 4th DCA 2006); and then citing Sloss v. State, 917 So. 2d 941, 942 (Fla. 5th DCA 2005)).

Affirmed.


WALLACE, KHOUZAM, and BADALAMENTI, JJ., Concur.