# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-36

———————————————

BRYANT COMMANDER,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

———————————————

Petition for Writ of Prohibition – Original Jurisdiction.

July 9, 2018

PER CURIAM.

Bryant Commander was charged with aggravated assault with a firearm based on an incident that occurred in a Walmart parking lot in November 2016. He filed a motion to dismiss the charges under the Stand Your Ground law (§ 776.032, Fla. Stat.) in July 2017. The trial court denied the motion after an evidentiary hearing.

Commander sought review of the trial court's ruling by filing a petition for writ of prohibition in this court. In the petition, Commander argued that the trial court erred by imposing the burden of proof on him to establish his immunity from prosecution under the Stand Your Ground law. We ordered the state to show cause why the petition should not be granted, and

in response, the state conceded error based on the prosecutor's agreement at the evidentiary hearing that the state had the burden to prove that Commander was not immune from prosecution under the Stand Your Ground law.

We accept the state's concession of error because it is supported by the record and is consistent with the statute in effect at the time of the evidentiary hearing. *See* § 776.032(4), Fla. Stat. (2017) (created by chapter 2017-72, Laws of Florida, effective June 9, 2017); *see also Martin v. State*, 2018 WL 2074171 (Fla. 2d DCA May 4, 2008) (holding that the 2017 amendment changing the burden of proof under the Stand Your Ground law was procedural in nature and, thus, could be applied retroactively in cases involving offenses committed prior to the amendment's effective date); *but see Love v. State*, 2018 WL 2169980 (Fla. 3d DCA May 11, 2018) (certifying conflict with *Martin* and holding that the 2017 amendment changing the burden of proof under the Stand Your Ground law was substantive in nature and could not be applied retroactively). Accordingly, we grant the petition, quash the order denying Commander's motion to dismiss, and remand for the trial court to reconsider the motion based on the evidence presented at the hearing and the state's burden of proof under section 776.032(4).

PETITION GRANTED.

ROBERTS, WETHERELL, and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Rudolph C. "Rusty" Shepard, Jr., Jean Marie Downing, and Chad R. Templeton of Shepard Law, Panama City, for Petitioner.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Respondent.