NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CALVIN LEWIS,                          )
                                       )
          Petitioner,                  )
                                       )
v.                                     )          Case No. 2D18-1126
                                       )
STATE OF FLORIDA,                      )
                                       )
          Respondent.                  )
_____    )

Opinion filed July 13, 2018.

Petition for Writ of Prohibition to the Circuit
Court for Hillsborough County; Christopher
C. Sabella, Judge.

Julianne M. Holt, Public Defender, Tampa,
for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Respondent.

BLACK, Judge.

          Calvin Lewis petitioned this court for a writ of prohibition to prevent his

further prosecution for first-degree murder following the trial court's denial of his motion

to dismiss based upon Stand Your Ground immunity under section 776.032(1), Florida

Statutes (2017).  We deny the petition without further discussion.  Accordingly, the stay

imposed by this court's order issued on March 23, 2018, is hereby lifted. We write to call attention to a procedural concern that is well illustrated by the facts of this case.

Lewis filed his motion to dismiss in the trial court on August 31, 2017. The court held an evidentiary hearing on the motion on November 3 and November 9, 2017. The court rendered its order denying the motion to dismiss on December 18, 2017. The jury trial in Lewis's first-degree murder case was then scheduled to begin on March 26, 2018. Thereafter, on February 1, 2018, Lewis filed a motion for clarification of the court's order, specifically requesting that the trial court make additional findings of fact and state which facts and testimony it relied upon in reaching its conclusion. The trial court rendered an order denying the motion for clarification on February 13, 2018. Lewis did not file his petition for writ of prohibition until Thursday, March 22, 2018, four days before his trial was scheduled to begin.

The complexity of the issues raised in the petition were not amenable to resolution without obtaining a response from the State and could not be resolved before the March 26 trial date. As a result, we issued an order to show cause on March 23, 2018, thereby staying the underlying proceedings.

Lewis could have filed his petition in this court as soon as the trial court denied his motion in December 2017. Alternatively, Lewis could have filed his petition immediately upon receipt of the order denying his motion for clarification. Instead he waited well over a month until the eve of a jury trial in a first-degree murder case to file the petition. Moreover, there is no requirement that the trial court make express findings of fact in an order denying a motion to dismiss pursuant to section 776.032.

Substantive law provides that the denial of Stand Your Ground motions to

dismiss be challenged by prohibition.  <u>Little v. State</u>, 111 So. 3d 214, 216, 216 n.1 (Fla. 2d DCA 2013).  But there is no jurisdictional timeframe for the filing of a petition for writ of prohibition.  <u>Compare</u> Fla. R. App. P. 9.100(c), <u>with</u> Fla. R. App. P. 9.100(e).  Here, the absence of a procedural process or, at a minimum, a jurisdictional timeframe for filing the petition for writ of prohibition resulted in the delay—at the last moment—of a first-degree murder trial.  The last minute trial cancellation undoubtedly caused a significant hardship on the parties, witnesses, and the trial court.  The fact that neither the Florida Rules of Criminal Procedure nor the Florida Rules of Appellate Procedure address the timing of Stand Your Ground motions to dismiss or petitions for writ of prohibition means that there is the potential for abuse by virtue of a defendant seeking what amounts to a last minute continuance.

We encourage the Florida Bar Criminal Rules Committee and the Florida Bar Appellate Rules Committee to consider the need for rules addressing this issue.  It would seem to be preferable for there to be a set time period for challenging these types of orders so that a trial court could refrain from setting trial until such time as the court knows that its ruling will not be subject to interlocutory review.  We further note that in this case nothing in Lewis's initial filings in this court reflected the fact that a trial was scheduled to begin within days.  It would be prudent for petitioners in this court to notify us that a trial or hearing in the lower court is imminent and that the matter filed in this court should be resolved before those proceeding go forward.

Petition denied.


LaROSE, C.J., and BADALAMENTI, JJ., Concur.


- 3 -