# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3083

_____

BLAIR ALEXANDRIA EDWARDS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

October 16, 2018

BILBREY, J.

Appellant challenges the judgment and sentence entered after her no contest plea with reservation of her right to appeal the trial court's denial of her motion to dismiss. Appellant's motion to dismiss was based on the statutory immunity from prosecution provided by section 776.032, Florida Statutes (2017), where the use of force is justified pursuant to section 776.012, Florida Statutes.

At the motion hearing, the State conceded that Appellant's motion established a prima facie case that Appellant's use of force was justified and that the burden of proof was thus on the State to overcome that prima facie case with clear and convincing

evidence to the contrary.[1] § 776.032(4), Fla. Stat. (2017).[2] After all the testimony presented at the hearing on the motion to dismiss, the trial court found that the State had met its burden of proof by clear and convincing evidence for one count of the two-count information. The trial court thus denied the motion to dismiss one count of the two-count information and granted dismissal of the other count pertaining to the other alleged victim.[3]

The trial court applied the correct standard, weighed the conflicting evidence, and determined the credibility of the witnesses in reaching its decision. As described in *N.L. v. Department of Children and Family Services*, 843 So. 2d 996, 999 (Fla. 1st DCA 2003):

---

[1] The question of whether the amendment to section 776.032(4), Florida Statutes (2017), resulting from chapter 2017-72, Laws of Florida, which shifts the burden of proof to the State, is only prospective or is retroactive is currently before the Florida Supreme Court. *See Love v. State,* 247 So. 3d 609 (Fla. 3d DCA 2018), *rev. granted*, SC18-747, 2018 WL 3147946 (Fla. Jun. 26, 2018). However, in this district we have applied the amendment retroactively and have held that the State's acceptance of the burden of proof below "is consistent with the statute in effect at the time of the evidentiary hearing." *Commander v. State*, 246 So. 3d 1303, 1303 (Fla. 1st DCA 2018). Given the State's acceptance of the burden here, the outcome of *Love* before the Florida Supreme Court is likely immaterial in this case.

[2] As Judge Lucas noted in *Martin v. State*, -- So. 3d --, 43 Fla. L. Weekly D1016, D1017 n.3, 2018 WL 2074171, *2 n.3 (Fla. 2d DCA May 4, 2018), "[t]he term 'burden of proof' is often criticized for its imprecision; whether it is meant as a burden to initially present evidence or a burden to ultimately persuade a finder of fact." As further noted in *Martin*, the use of "burden of proof" in the amended statute refers "to the burden of persuasion because the evidentiary threshold of 'clear and convincing evidence' is a measurement of that type of burden." *Id.*

[3] The State does not challenge the dismissal of that count via cross-appeal.

Clear and convincing evidence is defined as "an intermediate level of proof [that] entails both a qualitative and quantitative standard. The evidence must be credible; the memories of witnesses must be clear and without confusion; and the sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy."

Even if the appellate court "may have decided this case differently had we been the trier of fact, 'it is not the function of this court to reweigh the evidence and substitute our judgment for that of the trial court.'" *J.B. v. C.S.*, 186 So. 3d 1142, 1143 (Fla. 1st DCA 2016) (quoting *In the Interest of R.D.D.*, 518 So. 2d 412, 415 (Fla. 2d DCA 1988)). The record in this case includes competent substantial evidence to support the trial court's determination that the State presented clear and convincing evidence to overcome Appellant's prima facie case for the charge in question.

Accordingly, the judgment on appeal is AFFIRMED.

WETHERELL and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.