# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-583

_____

ANTOINETTE TYNES,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.


December 28, 2018


PER CURIAM.

Antoinette Tynes moved for immunity under Florida's Stand Your Ground law after she was charged with attempted first-degree murder for stabbing her boyfriend seven times with a knife in 2016. The trial court denied the motion, and Tynes petitions this Court for a writ of prohibition.

At the pretrial immunity hearing in November 2017, the trial court applied the evidentiary standard outlined in *Bretherick v. State*, 170 So. 3d 766, 775 (Fla. 2015), finding that Tynes had the burden to prove entitlement to immunity by a preponderance of the evidence. The trial court concluded that Tynes failed to meet that burden. In 2017, in response to *Bretherick*, the Legislature amended the Stand Your Ground law to shift the burden of proof

to the State and to change the quantum of proof required to overcome a defendant's claim of immunity. Ch. 2017-72, § 1-2, Laws of Fla. Now, after the defendant makes a prime facie claim of immunity, the State bears the burden to prove by clear and convincing evidence that the defendant is not entitled to immunity. § 776.032(4), Fla. Stat. (2017). Tynes argues that this amendment to the Stand Your Ground law applies retroactively to her 2016 offense, and thus the trial court erred in requiring her to prove her entitlement to immunity by a preponderance of evidence and in concluding that she failed to meet that burden.

Based on this Court's recent decision in *Commander v. State*, 246 So. 3d 1303, 1304 (Fla. 1st DCA 2018), wherein this Court held that the 2017 amendment to the Stand Your Ground law applied retroactively, Tynes is entitled to relief. *See also Martin v. State*, 43 Fla. L. Weekly D1016, 2018 WL 2074171 (Fla. 2d DCA May 4, 2018) (holding that the 2017 amendment to section 776.032 is procedural in nature and therefore can be applied retroactively). *But see Hight v. State*, 43 Fla. L. Weekly D1800, D1800 (Fla. 4th DCA Aug. 8, 2018) (applying the 2017 amendment prospectively after concluding it was a substantive change in the law); *Love v. State*, 247 So. 3d 609 (Fla. 3d DCA 2018) (same and certifying conflict with *Martin*), *review granted*, SC18-747, 2018 WL 3147946 (Fla. Jun. 26, 2018).

Because the State argues that it met its burden to prove by clear and convincing evidence that Tynes was not entitled to immunity, on remand the trial court may reconsider Tynes' motion based on the evidence presented at the hearing.

PETITION GRANTED.

ROWE, KELSEY, and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, and Colleen D. Mullen, Assistant Public Defender, Tallahassee, for Petitioner.

Pamela Jo Bondi, Attorney General; Edward M. Wenger, Chief Deputy Solicitor General; Steven E. Woods, Assistant Attorney General, Tallahassee, for Respondent.