# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1830
_____

EDWARD LAMONT HICKS,

  Appellant,

  v.

STATE OF FLORIDA,

  Appellee.

_____

On appeal from the Circuit Court for Duval County.
Waddell A. Wallace, Judge.

June 12, 2019

WINSOR, J.

In 2015, Edward Hicks—then charged with attempted murder—argued he was entitled to Stand-Your-Ground immunity. At the two-day SYG hearing, he and the State presented widely divergent versions of events. Both sides agreed, though, that Hicks bore the burden of proof.

The trial court denied the motion, concluding Hicks had not met his burden. The State later reduced the murder charge pursuant to a plea agreement, and Hicks pleaded guilty to aggravated battery with a deadly weapon, along with possession of a firearm by a convicted felon. He got seven years.

In 2017, after Hicks initiated this appeal but before he filed his initial brief, the Florida Legislature amended section 776.032,

Florida Statutes, which governs SYG immunity. Under the amended provision, once a criminal defendant raises "a prima facie claim of self-defense immunity," then "the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity." *Id.* § 776.032(4). Before the amendment, the statute was silent on which side had the burden of proof, but the supreme court had held it was the defendant's burden. *Bretherick v. State*, 170 So. 3d 766, 775 (Fla. 2015).

Hicks now appeals the trial court's SYG decision. Arguing that the legislative change was retroactive, Hicks contends the trial court erred in assigning him the burden of proof. He asks us to reverse and instruct the trial court to reconsider the motion in light of the new law.

Florida's DCAs have split as to whether the recent legislative change applies to offenses committed before its enactment. *Compare, e.g.*, *Martin v. State*, -- So. 3d. -- No. 2D16-4468 (Fla. 2d DCA May 4, 2018) (amendment retroactive), *with Love v. State*, 247 So. 3d 609 (Fla. 3d DCA) (amendment *not* retroactive), *review granted*, No. SC18-747, 2018 WL 3147946 (Fla. Jun. 26, 2018). This court has sided with those arguing the change *does* apply to those offenses, *see Commander v. State*, 246 So. 3d 1303, 1303-04 (Fla. 1st DCA 2018), and the conflict is pending before the Florida Supreme Court, *Love*, No. SC18-747. Although *Commander* held the change applies regardless of when the offense occurred, it does not address a case like this one, in which the offense *and the SYG hearing* occurred before the legislative change. *See* 246 So. 3d at 1304 (noting that placing burden on State was "consistent with the statute in effect at the time of the evidentiary hearing"). But regardless of the statute's applicability in that circumstance, we must affirm because the sole issue Hicks now raises on appeal—which party had the burden—is not dispositive of his case.[1]

---

[1] Similarly, we need not decide whether (i) Hicks's affirmatively agreeing below that he had the burden and (ii) his failure to object to the court's placing the burden on him provide alternate, independent bases to affirm. *Cf., e.g.,* § 924.051(3), Fla. Stat. ("An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly

2

Generally, a defendant who pleads guilty cannot challenge his conviction on appeal. *See* Fla. R. App. P. 9.140(b)(2)(A); *see also Lewis v. State*, 262 So. 3d 859, 861 (Fla. 1st DCA 2018). But a defendant who pleads guilty, like Hicks did, "may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved." Fla. R. App. P. 9.140(b)(2)(A).

The issue of who had the burden—the only issue Hicks now advances—is plainly not dispositive. Hicks does not ask us to hold that the trial court should have granted immunity; he asks only that we remand for "a new immunity hearing under the current evidentiary standard." Init. Br. at 30. That would mean his guilty plea would be followed by additional evidentiary proceedings leading (perhaps) to another conviction or (perhaps) to a dismissal.

---

preserved or, if not properly preserved, would constitute fundamental error."); *Smith v. State*, 598 So. 2d 1063, 1066 (Fla. 1992) (holding that decisions announcing new rules of law "must be given retrospective application by the courts of this state in every case pending on direct review or not yet final," but explaining that "[t]o benefit from the change in law, the defendant must have timely objected at trial if an objection was required to preserve the issue for appellate review"); *cf. also Eutzy v. State*, 541 So. 2d 1143, 1145 (Fla. 1989) ("[T]here is nothing in *Booth* [*v. Maryland*, 482 U.S. 496 (1987)] which suggests that that decision should be retroactively applied to cases in which the claim was not preserved by a timely objection"). In other words, we need not decide whether—as the dissent would hold—the effect of the 2017 legislation was to invalidate judgments like Hicks's, judgments that were final in the trial court before the legislation's enactment, and where the defendant had raised no issue regarding the burden. Finally—and relatedly—we need not decide whether Hicks "identif[ied] with particularity" the burden issue. *See* Fla. R. App. P. 9.140; *see also id.*, comm. notes ("This rule also incorporates the holding in *State v. Ashby*, 245 So. 2d 225 (Fla. 1971), and is intended to make clear that the reservation of the right to appeal a judgment based on the plea of no contest must be express and must identify the particular point of law being reserved; *any issues not expressly reserved are waived*." (emphasis added)).

3

If Hicks won all the relief he seeks on appeal, he may (or may not) end up going to trial. And it is settled that "[a]n issue is dispositive only when it is clear that there will be no trial, regardless of the outcome of the appeal." *Williams v. State*, 134 So. 3d 975, 976 (Fla. 1st DCA 2012); *accord Morgan v. State*, 486 So. 2d 1356, 1357 (Fla. 1st DCA 1986).

If we entertained Hicks's argument and agreed with him, we would have to remand for more proceedings. And that would turn this into precisely the type of piecemeal appeal that the rule and the cases that preceded it sought to prevent. *See Churchill v. State*, 219 So. 3d 14, 16 (Fla. 2017) (noting that the court had "reasoned that the policies underlying the decision in [*State v. Ashby*, which preceded the rule] were 'poorly served' and 'thwarted' when a defendant was allowed to appeal nondispositive rulings because the defendant would still face the prospect of trial even if he or she prevailed on appeal, which would prolong rather than expedite resolution of the case"); *see also Brown v. State*, 376 So. 2d 382, 384 (Fla. 1979) ("Because of the nondispositive nature of the appeal, the defendant faces the prospect of a trial even if he prevails on appeal. The inevitable is not avoided but merely postponed, thus further burdening the already severely taxed resources of our courts."). Neither rule 9.140 nor precedent applying it would allow that.

It is true that the State stipulated that the issue of whether Hicks was entitled to immunity was dispositive. By doing so, the State agreed that if we ruled on appeal that Hicks *was* entitled to immunity, the State would not pursue the case further. *See Churchill*, 219 So. 3d at 17 ("[T]he stipulation of dispositiveness establishes that the State cannot or will not continue with its prosecution if the defendant prevails on appeal."). But Hicks does not ask us to hold that he was entitled to immunity; he elected to argue only that the State should have had the burden. And the State certainly did not stipulate that if Hicks won an appeal about a nondispositive procedural matter that it would not continue to pursue its case. Indeed, both Hicks and the dissent presume the State *will* pursue its case: they both insist that we should remand

so that the State can do just that.[2] This only confirms that the issue on appeal is not dispositive of Hicks's entire case.[3]

We must AFFIRM.[4]

---

[2] We do not understand why the dissent says we hold nobody can plead guilty while reserving a SYG issue. We do not. Had Hicks argued here that the trial court should have *granted* immunity, we would address that argument (a dispositive argument). But Hicks has abandoned that appellate argument, raising instead only a plainly nondispositive issue.

[3] We cannot accept the dissent's view that further delay for supplemental briefing is warranted. Nor can we accept the dissent's view that we are acting unfairly by "*sua sponte* rais[ing] new issues." There is a difference between raising new grounds for reversal (which we should not do, *see Anheuser-Busch Cos., Inc. v. Staples*, 125 So. 3d 309, 312 (Fla. 1st DCA 2013)), and affirming based on any basis the record supports (which we must do, *see Dade County Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 645 (Fla. 1999)). It is the appellant's burden to show we must reverse, and he cannot meet that burden without overcoming all bases for affirmance. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979); *see also State v. Pitts*, 936 So. 2d 1111, 1133 (Fla. 2d DCA 2006) (noting that appellate courts should affirm when there is a basis to do so "even if the specific basis for affirmance has not been articulated by the appellee"); *Powell v. State*, 120 So. 3d 577, 592 (Fla. 1st DCA 2013) (noting that "[c]ourts issue per curiam affirmances with regularity without briefing from appellees").

[4] We have been inconsistent as to dispositions in this situation, sometimes dismissing for lack of jurisdiction, *see, e.g., K.N.B. v. State*, 982 So. 2d 1277 (Fla. 1st DCA 2008); *Thomas v. State*, 948 So. 2d 968, 968 (Fla. 1st DCA 2007), sometimes exercising jurisdiction and affirming, *see, e.g., Terry v. State*, 149 So. 3d 113 (Fla. 1st DCA 2014); *Williams v. State*, 134 So. 3d 975, 976 (Fla. 1st DCA 2012). In *Leonard v. State*, the Florida Supreme Court said we should summarily affirm in this circumstance, rather than dismiss. 760 So. 2d 114, 119 (Fla. 2000); *see also Paulk v. State*, 765 So. 2d 147, 148 (Fla. 1st DCA 2000) (applying

5

LEWIS, J., concurs; KELSEY, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

KELSEY, J., dissenting.

Hicks lost his self-defense-immunity hearing and entered a plea in which both he and the State stipulated, and the lower court ruled, that the denial of immunity was dispositive for purposes of appeal under Florida Rule of Appellate Procedure 9.140(b)(2)(A) (allowing defendants to "expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved"). We and other courts have exercised jurisdiction in this procedural posture and granted new immunity hearings to litigants in Hicks's position post-plea. The majority nevertheless denies Hicks this relief by viewing his appeal narrowly as seeking only our legal ruling on retroactive application of the 2017 amendments to section 776.032(4), Florida Statutes¸ and not directly seeking our case-dispositive ruling on the underlying issue of immunity under the amended statute— which we cannot do until after the lower tribunal applies the new statute in the first instance, which creates a closed loop from which Hicks cannot escape. This overly-narrow view is factually inaccurate. Furthermore, legally, the majority view improperly equates a new immunity hearing with prosecution so as to defeat dispositivity under rule 9.140, or alternatively finds no dispositivity because of the possibility of trial if Hicks were to lose an immunity hearing under the new statute—overlooking that the State cannot prosecute Hicks after agreeing to a plea. The majority's reasoning improperly creates new precedent precluding

_____

*Leonard*). *But cf. Churchill*, 219 So. 3d at 17 ("[T]he district courts have jurisdiction to review the merits of a conditional no contest plea *when the State stipulates that an issue reserved for appeal is dispositive of the case*." (emphasis added)).

6

Hicks and similarly-situated litigants from obtaining a new immunity hearing under a more favorable burden and quantum of proof, to which they are entitled under our precedent. Moreover, the majority adopts this rationale sua sponte, without giving the parties the chance to be heard on it. Accordingly, respectfully, I dissent from the majority opinion as to both procedure and merits.

## I. Procedure.

As to procedure, I dissent from the majority's disposition of this appeal on grounds not preserved or ruled upon below, not raised in briefing, not discussed at oral argument, and adopted without the benefit of supplemental briefing. The majority's overly-narrow view of Hicks's argument has the effect of holding that orders denying self-defense immunity cannot be appealed as part of a plea in which such orders are stipulated to be dispositive under rule 9.140(b)(2)(A). In contrast to this new rule of law, the sole issue in briefing and oral argument was whether the 2017 statutory amendment shifting the burden of proof to the State in stand-your-ground hearings should apply retroactively to this case, and Hicks made it clear that he was arguing the procedural issue to protect his substantive right to immunity. We have already resolved that issue in favor of retroactivity. *Commander v. State*, 246 So. 3d 1303, 1303-04 (Fla. 1st DCA 2018) (holding legislative change to burden of proof in stand-your-ground hearings applies retroactively). Our position conflicts with that of other district courts, and the conflict is pending before the Florida Supreme Court. *Love v. State*, 247 So. 3d 609 (Fla. 3d DCA) (finding amendment not retroactive), *review granted*, No. SC18-747, 2018 WL 3147946 (Fla. June 26, 2018). That is the sole issue preserved, briefed, and argued; and therefore we should rule in accordance with *Commander*, reversing and remanding for a new immunity hearing under the 2017 law, and certifying conflict with *Love*.

The majority nevertheless sua sponte raises new issues and resolves the appeal on both legal and factual grounds the parties have had no opportunity to address (i.e., dispositivity in this context, and the scope of Hicks's arguments on appeal). Furthermore, the majority disposes of the appeal on grounds directly contrary to an express stipulation of dispositivity and

7

appealability by both parties below, which the trial judge expressly and repeatedly approved. This is not fair to the parties, and the better practice would be to allow supplemental briefing prior to decision.

Whether appellate courts have the authority to rule on grounds not preserved below and not argued on appeal is one issue, and whether and through what procedure they should exercise any such authority sua sponte is another. *See, e.g.,* Robert Martineau, *Considering New Issues on Appeal: The General Rule and the Gorilla Rule*, 40 Vand. L. Rev. 1023, 1023 n.a, 1053-56 (1987) (noting that, like the proverbial 800-pound gorilla that can sleep "anywhere it wants," an appellate court can, under certain circumstances, resolve issues on grounds raised sua sponte); Ronald Offenkranz & Aaron Lichter, *Sua Sponte Actions in the Appellate Courts: The "Gorilla Rule" Revisited*, 17 J. App. Prac. & Process 113, 116 n.14 (2016) (noting the exercise of sua-sponte review is frequently criticized as a deprivation of procedural due process); Allan D. Vestal, *Sua Sponte Consideration in Appellate Review*, 27 Fordham L. Rev. 477, 494 (1958) ("When considered sua sponte . . . [n]either [party] has had any opportunity to consider the matter, and both are now bound by res judicata grounded on considerations which represent not well reasoned positions for the litigants, but rather only the fortuitous decision of a wayward court.") (cited with similar authorities in *Miami Dade College v. Allen*, No. 3D18-2218, 2019 WL 1781366 at *4 (Fla. 3d DCA Apr. 24, 2019) (Miller, J., specially concurring)); E. King Poor & James Goldschmidt, *But No One Argued That: Sua Sponte Decisions on Appeal*, DRI For the Defense, Oct. 2015, at 62 (57 No. 10) (collecting authorities and advocating for very limited exercise of sua-sponte appellate decision-making); *see also Bainter v. League of Women Voters of Fla.*, 150 So. 3d 1115, 1126 (Fla. 2014) ("'Basic principles of due process'—to say nothing of professionalism and a long appellate tradition—'suggest that courts should not consider issues raised for the first time at oral argument' and 'ought not consider arguments outside the scope of the briefing process.'") (quoting *Powell v. State,* 120 So. 3d 577, 591 (Fla. 1st DCA 2013)).

In fairness, we should have allowed supplemental briefing on this issue. *See, e.g., Thorlton v. Nationstar Mortg., LLC*, 257 So. 3d 596, 601 (Fla. 2d DCA 2018) (noting that "no due process violation

8

has occurred" through the court's reliance on a new decision released after conclusion of briefing, *because* the court allowed supplemental briefing on the effect of the case). Supplemental briefing seems especially advisable here in light of the majority's creation of new precedent that places a new obstacle in the way of litigants seeking immunity. The underlying issue of retroactivity is before the Florida Supreme Court, and could become moot if the court decides that the 2017 amendment is prospective only; we have time. As the appeal now stands, Hicks is left to seek rehearing and rehearing en banc to overturn a decision already made without benefit of prior adversarial testing, to which the Court should be more amenable in this posture.

## II. Merits.

### A. Review of Orders Denying Self-Defense Immunity.

**(1) Prohibition.** The typical method of obtaining review of orders denying self-defense immunity is a petition for a writ of prohibition, on the premise that the trial court lacks authority to proceed with trial. *See Tynes v. State,* 262 So. 3d 851, 852 (Fla. 1st DCA 2018) (granting petition for prohibition where trial court failed to give retroactive effect to 2017 SYG amendment); *Rosario v. State*, 165 So. 3d 852, 854-55 (Fla. 1st DCA 2015) (holding that prohibition lies to challenge denial of self-defense immunity); *Little v. State*, 111 So. 3d 214, 216 n.1 (Fla. 2d DCA 2013) (petition for writ of prohibition is the appropriate mechanism to challenge the denial of a motion to dismiss based on a self-defense immunity statute). Because prohibition by its very definition lies only to prevent the unlawful exercise of a court's jurisdiction, prohibition would seem to be unavailable to litigants like Hicks who plead and reserve a right of immediate appeal, with the State's agreement and the trial court's approval as to dispositivity, since the plea agreement itself forestalls any further prosecution and trial. Research has revealed no cases in which prohibition was filed post-plea.

**(2) Plea with Reserved Appeal on Immunity.** In this case, Hicks lost his self-defense-immunity hearing, then entered a plea reserving the right to appeal the denial of immunity, which the parties stipulated and the trial court agreed was dispositive under rule 9.140(b)(2)(A). We and other courts have allowed appeals post-

9

plea under these circumstances, when the denial of immunity was identified as dispositive under rule 9.140(b)(2)(A). *See, e.g., Whitham v. State*, 44 Fla. L. Weekly D975, 2019 WL 1646073 (Fla. 2d DCA Apr. 17, 2019); *Edwards v. State*, 257 So. 3d 586 (Fla. 1st DCA 2018); *Arauz v. State*, 171 So. 3d 160, 162 n.3 (Fla. 3d DCA 2015); *Miles v. State*, 162 So. 3d 169 (Fla. 5th DCA 2015); *cf. Heredia v. State*, 43 Fla. L. Weekly D2613, 2018 WL 6186631 at *1 (Fla. 3d DCA Nov. 28, 2018) (affirming pre-trial immunity ruling where defendant pleaded and appealed, because he did *not* reserve right to appeal).

**(3) Immunity Raised in Post-Trial Plenary Appeal.** We, along with the Second and Fifth Districts, have held the 2017 amendment to be retroactive; and have also entertained post-trial appeals raising the pre-trial denial of immunity, and requesting a new immunity hearing, which has been granted. *Manley v. State*, 2019 WL 1925280 (Fla. 2d DCA May 1, 2019); *Feaster v. State*, 44 Fla. L. Weekly D1103, 2019 WL 1868197 (Fla. 2d DCA Apr. 26, 2019); *Horton v. State,* 2019 WL 1781062 (Fla. 2d DCA Apr. 24, 2019); *Rivera v. State*, 44 Fla. L. Weekly D970, 2910 WL 1575868 (Fla. 2d DCA Apr. 12, 2019) (noting that harmless error analysis is not available to defeat right to new immunity hearing; trial court must disregard guilty verdict); *Aviles-Manfredy v. State*, 44 Fla. L. Weekly D187, 2019 WL 116471 (Fla. 1st DCA Jan. 7, 2019); *Drossos v. State,* 43 Fla. L. Weekly D2764, 2018 WL 6579755 (Fla. 2d DCA Dec. 14, 2018); *Martin v. State,* 43 Fla. L. Weekly D1016, 2018 WL 207471 (Fla. 2d DCA May 4, 2018); *Boston v. State*, 260 So. 3d 445 (Fla. 1st DCA 2018); *Fuller v. State,* 257 So. 3d 521, 539 (Fla. 5th DCA 2018) (reversing judgment and sentence for new immunity hearing applying new burden of proof). In these cases, if application of the new burden of proof results in a finding of immunity, the judgments and sentences are vacated.

**(4) Withdrawal of Plea, Followed by Prohibition.** This avenue of review has been suggested as available when the plea was not knowing and voluntary, and in theory could be a remedy if an appellate court rejected a post-plea appeal due to a faulty reservation of right to appeal. *See Heredia*, 2018 WL 6186631 at *1 (affirming order denying motion to dismiss under SYG law because appellant failed to expressly reserve right to appeal, but noting that he may have a right to file a motion for relief under

Fla. R. Crim. P. 3.850); *Daniel v. State*, 235 So. 3d 1003 (Fla. 2d DCA 2017) (citing rule 3.850 as a potential remedy where state did not stipulate to dispositivity and thus appellate court dismissed appeal); *Russ v. State*, 230 So. 3d 510 (Fla. 2d DCA 2017) (rejecting post-plea appeal for failure to have reserved right of appeal that appellant believed was reserved, but noting the availability of a motion to withdraw plea and seek relief under rule 3.850); *Werner v. State*, 828 So. 2d 499 (Fla. 3d DCA 2002) (dismissing appeal where both parties conceded the issue reserved was not dispositive, but allowing appellant to seek relief under rule 3.850); *Murphy v. State,* 149 So. 3d 1163 (Fla. 1st DCA 2014) (noting possibility of motion under rule 3.850 after appeal failed for lack of stipulation of dispositivity); *Cf. Lewis v. State,* 251 So. 3d 310, 311 (Fla. 2d DCA 2018) (noting the lack of any deadline for filing either motions to dismiss or prohibition in stand-your-ground cases, which the court suggested could lead to procedural abuse if delayed). However, the time limits on post-conviction relief may present an obstacle. Research has not revealed a self-defense-immunity case in which the defendant has withdrawn a plea and filed for prohibition, which an appellate court then entertained on the merits.

### B. This Case.

**(1) Procedure Below.** This case involves category (2) above: a plea with reservation of right to appeal the denial of stand-your-ground immunity—which appeal the majority holds is unavailable to Hicks even though we entertained it without question in *Edwards*, 257 So. 3d at 586. The majority's decision is thus in conflict with our decision in *Edwards*; and in express and direct conflict with the Second District's decision in *Whitham*, 2019 WL 1646073.

At the conclusion of Hicks's immunity hearing on August 4, 2016, the trial court determined that Hicks had not satisfied his burden of proof, and the judge stated in open court the factual basis on which immunity was denied. Distilled to its essence, the trial judge's view of the facts was that after the initial altercation between Hicks and the alleged—and unarmed—aggressor, the aggressor withdrew, and there was a short period of inactivity, during which Hicks went back inside his apartment, got a gun,

11

came back out, and then shot the aggressor/now victim, including two shots in the victim's back. The trial judge found that under these facts Hicks was not justified in using lethal force and therefore was not entitled to immunity. The judge noted that whereas the defense had the burden of proof at the immunity hearing, there were issues of fact and credibility yet to be resolved at trial.

At his March 21, 2017, plea hearing and as part of the plea colloquy, Hicks's counsel stated that Hicks would "reserve his right to appeal [the lower tribunal's] ruling on the stand your ground hearing." Counsel described this reservation as "jurisdictional in nature and would be something that an appellate court could review either way." The State had no objection: "I have no objection [to] that, obviously, statutory immunity would be something that would be dispositive." *See* Fla. R. App. P. 9.140(b)(2)(A) (authorizing appeals of dispositive orders in conjunction with a plea agreement).

The State requested, and defense counsel agreed, that if Hicks were not successful on the appeal, he could not later withdraw his plea. Counsel discussed with the trial judge the mechanism of appellate review, with the judge stating that review would be "appealed from final judgment." The prosecutor agreed with the procedure of appealing the stand-your-ground order post-plea, and the lower tribunal approved that. As part of the plea colloquy, the trial judge stated that judgment would be entered, "And so you would then still preserve the right to appeal that immunity decision I made against you on the stand your ground." The judge indicated counsel would be appointed for the appeal, "And then you will still be able to pursue the appeal on the stand your ground. . . . [I]f that's successful, then that would vacate the judgment. If it's not successful, then the judgment and the plea agreement will stand."

Concluding the hearing, the judge again advised Hicks that he could appeal the plea, judgment, and sentence, and that "You also have preserved the right to appeal the Court's prior ruling denying your motion for immunity under the so-called stand your ground law. . . . So you have 30 days in which to file a written appeal. . . ." The judge discussed appointing counsel for the appeal.

12

The same day as the plea hearing, the lower court accepted and signed the written plea of guilty and negotiated sentence, which specified as among the negotiated terms, "[Defendant] reserves right to appeal courts [sic] ruling on Stand Your Ground Hearing."

Hicks filed a pro-se notice of appeal from jail on April 18, 2017, stating that he appealed the court's order rendered March 21, "a final order of Judgment and Sentence because he [Hicks] specifically reserved his Right [sic] to appeal the denial of his motion to dismiss based upon stand your ground immunity." The day before Hicks's pro-se notice of appeal was docketed, trial counsel filed, and the court clerk docketed, a notice of appeal from the "Order Denying Defendant's Motion for Declaration of Immunity and Dismissal." Counsel filed a Statement of Judicial Acts to be Reviewed, identifying "The trial court's Order, dated August 4, 2016, in which the trial court denied Defendant's Motion for Declaration of Immunity and Dismissal." That order denied Hicks's Motion for Declaration of Immunity and Dismissal, "for the reasons stated in open court on August 4, 2016." As noted above, the reasons the trial court stated for denying the motion to dismiss included the burden of proof.

**(2) Post-Disposition Developments.** The 2017 amendment shifting the burden of proof to the State in self-defense immunity hearings took effect June 9, 2017—a year and a half after Hicks filed his motion seeking immunity, ten months after the trial court's ruling denying immunity, three and a half months after the parties' stipulated plea, and two and a half months after the notice of appeal was filed. Hicks argued in his brief that the 2017 amendment was procedural and thus retroactive, which is now this Court's position on that issue under *Commander* and its progeny. Hicks specifically argued in his initial brief that the new standard "will significantly impact the results of any hearing held under the new standard." He argued that his hearing was not the kind envisioned under the new statute and the legislative intent behind it, that the change in the burden of proof could alter the outcome of the hearing, and that "[i]t cannot be considered certain or even likely that the state could overcome" the new burden. He argued in his reply brief that he and others similarly situated have not received the "'full and fair hearing'" contemplated by the new

law. At oral argument, the *court* noted that "the substantive right here is the immunity," with which Hicks's counsel agreed.

The record clearly reflects that Hicks entered his plea in reliance on the parties' stipulation and the trial court's ruling that the immunity issue was dispositive. Hicks argued on appeal that the substantive right of immunity was available to him through the procedural vehicle created by the 2017 amendment. Nevertheless, the majority applies a narrow view of Hicks's argument, as if he had raised only a purely academic issue about whether the amendment was retroactive or not with no tie to his own substantive rights. This narrow view is refuted by Hicks's own argument and by common sense. The new development in the law gave Hicks a new procedural argument—entitlement to a new immunity hearing under a more favorable burden and quantum of proof—*and as a result* he has a very real opportunity to secure his substantive right of immunity. *See, e.g., Mayers v. State*, 43 Fla. L. Weekly D2800, 2018 WL 6598716, at *1 (Fla. 1st DCA Dec. 17, 2018 (remanding for discharge where the trial court rejected an immunity claim under prior statute, but alternatively held that "had the burden of proof been on the State, the State failed to meet its burden to show that Petitioner was not entitled to immunity"). The majority, however, would block Hicks's procedural path on the grounds that even a very real opportunity to secure the substantive right of immunity is insufficiently definitive to have been dispositive under rule 9.140(b)(2)(a).

I believe the majority's reasoning is contrary to Florida Supreme Court precedent on dispositivity, as I will explain below. The majority also suggests (albeit in a footnote) that it would reach the same result on the particularity requirement of rule 9.140(b)(2)(a). I therefore address both dispositivity and particularity, while holding to my position that the majority's novel analysis should not have been raised and resolved sua sponte absent supplemental briefing, at a minimum.

### C. Dispositivity.

As part of their plea agreement, Hicks and the State stipulated that the denial of immunity was dispositive for purposes of appeal, and the trial court expressly agreed. The stipulation brings this case within the scope of *Churchill v. State*, 219 So. 3d

14

14 (Fla. 2017). In *Churchill*, the supreme court held that if the State stipulates that an issue reserved for appeal is dispositive, then a reviewing court is bound by the stipulation: "For the reasons expressed above, we hold that, in appeals from conditional no contest pleas, stipulations of dispositiveness are binding on the appellate court." *Id.* at 18. In so holding, the supreme court *expressly rejected* the district court's reasoning that dispositivity was lacking where a scenario existed under which a new trial could follow on remand. *Id.* at 15. *Churchill*, while not involving a SYG immunity hearing, clearly instructs that the appellate court is not authorized to go behind a stipulation of dispositivity and speculate about what might transpire on remand. In other words, dispositivity is to be determined in accordance with the stipulation as and when made in the trial-court proceedings, not from the perspective of the reviewing court and its potential disposition of the appeal. *See also Clayton v. State*, 252 So. 3d 827 (Fla. 1st DCA 2017) (entertaining appeal from order denying motion to suppress where state agreed it was dispositive); *England v. State*, 46 So. 3d 127, 129 (Fla. 2d DCA 2010) (holding that order denying motion to suppress "is not dispositive unless the parties so stipulate") (quoting *Wilson v. State*, 885 So. 2d 959, 960 (Fla. 5th DCA 2004)); *Jackson v. State*, 382 So. 2d 749 (Fla. 1st DCA 1980) (holding appellate court will treat appeal as involving a dispositive issue if the State stipulates to it).

In the SYG context, *viewed from the perspective of the appellate court's options*, several outcomes are theoretically possible, although not all are likely given the nature of the issues. The appellate court could find the defendant entitled to immunity as a matter of law, in which case the process ends. In the typical prohibition proceeding brought after a SYG ruling and before trial (not involving a plea), if the reviewing court finds the defendant not entitled to immunity, a trial may occur on remand (although as a practical matter it would seem the likelihood of a plea increases under this scenario).

The analytical difficulty increases when the appellate issue is the proper burden of proof. If this issue is raised via prohibition between immunity hearing and trial, with no plea, and the appellate court rules that the wrong burden was used below, the trial court may simply review the evidence already adduced at the

15

earlier SYG hearing, applying the new burden and quantum of proof. *See Tynes,* 262 So. 3d at 852 (noting trial court could apply the new analysis to the evidence already adduced at hearing). In other instances there can be a new SYG hearing—although again, the possibility of a plea. If on new review or a new SYG hearing the defendant prevails, the State can go no further. And, if the defendant loses in the new hearing, the State can take it to trial (with a higher likelihood of a plea). But when the issue is raised immediately post-plea—or even on plenary appeal post-trial, *see, e.g., Boston* and *Aviles-Manfredy*—the defendant is entitled to a new weighing of evidence or a new SYG hearing under the correct burden of proof.

Importantly, that limited pre-trial immunity hearing in and of itself is not prosecution nor a trial on the merits, and therefore cannot defeat dispositivity. This demonstrates that the majority erroneously describes my dissent as presuming the State will pursue its case—meaning prosecution, trial, judgment, and sentence. To the contrary, in this context, the correct disposition would first honor the bilateral, court-approved stipulation of dispositivity, then remand solely for a new weighing of evidence or a new immunity hearing applying the new burden of proof. If the State loses and Hicks secures immunity, the case is over, and that is dispositivity within *Churchill.*

As a practical matter in cases not involving the facts presented here, the outcome of a new immunity hearing will either end further prosecution below and thus be actually dispositive, or allow a trial (or make a plea ever more likely). That academic possibility of a trial following an order denying immunity after remand leads the majority to find no dispositivity. Factually, that reasoning does not apply here, with a plea and a stipulation of dispositivity. Analytically, that reasoning applies the wrong perspective—that of the appellate court's potential remedies on the immunity question, and resulting sequelae. To the contrary, *Churchill* instructs us to test dispositivity from the perspective of the stipulating parties. What theoretically could happen on remand in a vacuum is not controlling under *Churchill. See also Foster v. State*, 232 So. 3d 512, 514–15 (Fla. 2d DCA 2017) (holding an issue is dispositive if the State cannot go to trial after *losing* the

motion). If the parties agreed it is dispositive, it is, for purposes of invoking our review. Here, they did, and it is.

In addition, *Churchill* indicates that the State is bound by its stipulation of dispositivity, and is thus precluded from continuing to prosecute on remand: "When the State enters into a plea agreement on the condition that the defendant will not face further prosecution if he or she prevails on appeal, that agreement is binding and cannot be defeated simply because it would be legally possible to continue to trial regardless of the outcome in the appellate court." 219 So. 3d at 18. The trial court here advised Hicks that he could not withdraw his plea if he did not win this appeal, and that the judgment would be vacated if he did win this appeal. The discussion did not extend to whether the State's stipulation, sufficient to confer jurisdiction under rule 9.140(b)(2)(A), would become an actual bar to further prosecution if Hicks lost a new SYG hearing on remand. It appears it would be; that is, that the best-case scenario for Hicks is exoneration and his worst-case scenario is his plea. There is no indication the State would proceed to trial, and to the contrary, the State reminded Hicks that he could not withdraw his plea if he loses this appeal, and then the State stipulated to dispositivity of the immunity issue—all indicating no ability or intention of proceeding to trial. Nor is there any indication that Hicks would have entered the plea and stipulation if he had thought he could be subjected to a full trial. He will hold the State to its stipulation. In the event of a dispute, it would be for the lower tribunal in the first instance to resolve issues about whether the stipulation actually foreclosed further prosecution and whether Hicks's plea was fully-informed and voluntary in this and other respects. For present purposes, *Churchill* and its progeny direct that we accept the parties' stipulation as to dispositivity; the record strongly indicates that both parties believe there will be no trial regardless; and what could theoretically happen on remand is not controlling.

The majority cites two cases limiting dispositivity to situations where there could not be a trial on remand: *Williams v. State*, 134 So. 3d 975, 976 (Fla. 1st DCA 2012), and *Morgan v. State*, 486 So. 2d 1356, 1357 (Fla. 1st DCA 1986). *Williams* involved a competency determination, which the State did not stipulate was dispositive and the trial court did not find was

dispositive. *Morgan* involved the exclusion of evidence in a driving-while-intoxicated case, and the parties agreed that the State could proceed to trial if the appellate court reversed the exclusion. Both cases pre-date *Churchill*. Neither case involved self-defense immunity; neither involved a bilateral, court-approved stipulation of dispositivity like we have here; and both would appear to conflict with *Foster*, 232 So. 3d at 514–15. Because of the unique nature of immunity itself as only a *potential* bar to prosecution and trial, it will always be necessary to hold some sort of proceeding to determine whether immunity applies, and thus the majority's analysis would always make it impossible for litigants to establish actual dispositivity in the literal and immediate sense. The majority's analysis is thus an unwarranted procedural restriction of the substantive right of immunity.

In adopting this new precedent that has the legal effect of precluding appeals following pleas in SYG cases, the majority misplaces its reliance on the broad jurisprudential goal of avoiding piecemeal appeals. As discussed above, *Churchill* itself, which the majority cites for this proposition, would *allow* immediate review following a plea that expressly states the issue is dispositive. By refusing to follow *Churchill* and accept a court-approved stipulation of dispositivity, the majority would actually generate *more* piecemeal proceedings by forcing litigants to move to withdraw their pleas and proceed with ineffective assistance of counsel claims, which then generate even more appeals.

Further, immunity from suit is an appropriate subject for interlocutory appeals, as evidenced by the existing appellate rule allowing such appeals. Fla. R. App. P. 9.130(a)(3)(C)(v), (vii), (x), (xi) (workers compensation immunity, immunity in civil rights actions under federal law, immunity from being named as a defendant in a suit pursuant to section 768.28(9), Florida Statutes, and sovereign immunity). The absence of a specific rule allowing appeals from orders denying SYG immunity—which is an immunity from prosecution and trial, and not merely immunity from punishment or damages—most likely reflects only the recency of evolutions in SYG law. The Appellate Rules Committee should address this gap. *See generally Florida Highway Patrol v. Jackson*, 238 So. 3d 430, 431-33 (Fla. 1st DCA 2018) (reviewing evolution of rules allowing interlocutory appeal of non-final orders

18

denying immunity). Immediate review in a case involving immunity from prosecution is within the same analytical grouping as those immunities for which immediate appeal is already authorized, and we in addition to other courts have accepted such appeals in multiple cases already. We should do the same here.

### D. Particularity.

Although not expressly basing its disposition on the particularity issue, the majority heavily discusses the issue in a footnote. Their point is that because Hicks did not object to bearing the burden of proof at his SYG hearing, and did not specify in his plea agreement that he intended to appeal the burden of proof, he cannot satisfy the particularity requirement of rule 9.140(b)(2)(A) (allowing defendant to "expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved"). I believe the majority would be mistaken in that reasoning in two respects: first, by requiring litigants to "reserve" a narrow point of law that *does not exist* at the time; and second, by interpreting the rule too narrowly to the prejudice of a litigant who did all that the law required of him.

**(1) A Precognition Requirement?** The timeline shows clearly that the legislative change in the SYG burden of proof occurred months *after* Hicks and the State stipulated that he could appeal the trial court's denial of immunity, as well as months after the notice of appeal was filed. It was completely impossible for Hicks to know at the immunity hearing or plea stage that the Legislature would make the change that it later made. It was completely impossible for him to meet the burden the majority would now place on him. This theory cannot validly be asserted as a basis to rule against Hicks on appeal. *Cf. Brooks v. State*, 175 So. 3d 204, 235 n.9 (Fla. 2015) (rejecting argument that counsel was ineffective for failing to raise a due-process defense based on a case not issued until two years after trial, and noting that "This Court has made clear that counsel cannot be held ineffective for failing to anticipate changes in the law") (citing *Taylor v. State*, 62 So. 3d 1101, 1111 (Fla. 2011)); *Nelms v. State*, 596 So. 2d 441, 442 (Fla. 1992) (holding failure to raise change of law occurring more than three years after defendant's sentence was affirmed could not

19

constitute ineffective assistance of counsel: "Defense counsel cannot be held ineffective for failing to anticipate the change in the law.").

Although research has not revealed a Florida case precisely on point, other jurisdictions have recognized the impossible position it would create to require litigants to foresee the future enactment of a retroactive statute. *Thompson v. State*, 985 A.2d 32, 42 (Md. 2009) ("[T]o say that Thompson cannot receive the benefit of the remedial provisions of CP Section 8–201 simply because he failed to foresee the enactment of this legislation in characterizing his motion, would be contrary to the retroactivity analysis we just made."); *Beatty v. State*, 627 So. 2d 355, 358 (Miss. 1993) ("The application of Section 27–27–12 and the resultant amendment to Section 97–33–7 is not a charitable raising of an issue not raised but is a necessary application of existing law to which the appellant is entitled. We simply cannot apply the law as it was and is not anymore."); *cf. Pace v. Jordan*, 999 S.W.2d 615, 620 (Tex. Ct. App. 1999) (refusing to apply a statutory amendment because the amendment occurred while the case was pending *in the trial court* and no argument regarding the amendment was preserved). As a matter of practicality and fairness—due process— Hicks cannot be refused relief because he could not foresee the future legislative change and state in his plea that he would raise that, specifically, on appeal.

**(2) The Benefit of any Doubt.** The practical impossibility of foreseeing the 2017 legislative change and specifying it as a basis of appeal after plea would defeat any attempt to rule that Hicks failed to satisfy the particularity requirement of rule 9.140(b)(2)(A). Case law interprets the particularity requirement more broadly and more favorably to litigants. In *England*, the defendant filed a motion to suppress physical evidence, and also moved to suppress his confession. He entered a plea, reserving the right to appeal at least one motion to suppress, but it was not clear which one. The parties appeared to agree that at least one motion was dispositive, and the court appeared to agree, but again, it was not clear which one. 46 So. 3d at 129.

On appeal, the Second District rejected on the merits the appellant's arguments directed to suppression of the physical

evidence. With respect to the motion to suppress the confession, the appellate court described the circumstances as "murky," and noted that the case exemplified the need for clarity and specificity. *Id.* at 129 & n.2. Nevertheless, the court followed its own precedent of giving the appellant the benefit of any doubt: "In these types of cases, we have given appellants the benefit of any uncertainty as to the appealability of orders denying motions to suppress and we have proceeded to discuss the merits of these cases." *Id.* at 129 (citing additional cases); *see also Edwards*, 257 So. 3d at 587 (reaching SYG merits issues under broadly-worded reservation of right to appeal the stand your ground ruling). The language used in Hicks's reservation of rights and stipulation as to dispositivity was typical of that used in other cases, and better than some. It was sufficient.

### III. Conclusion.

The facts presented make an exceptionally strong case for dispositivity due to the plea and its incorporated bilateral, court-approved stipulation of dispositivity. The immunity question uniquely requires a non-prosecutorial evidentiary analysis to give life to the substantive right of immunity at stake. As a matter of law, an immunity hearing is not itself a trial or prosecution. This evidentiary proceeding does not in and of itself defeat dispositivity, even if such analysis were permissible on the facts of this case, where the parties contemplated an end to prosecution regardless of the outcome of this appeal.

Consistent with *Commander*, we should reverse Appellant's judgment and sentence, and remand for a new stand-your-ground immunity hearing at which the State has the burden of proof under section 776.032(4). *See Commander*, 246 So. 3d at 1303-04. We should certify conflict with the decisions of other courts finding the 2017 statutory change prospective. *See Love*, 247 So. 3d at 609; *Hight v. State*, 253 So. 3d 1137 (Fla. 4th DCA 2018). We should not override a stipulated, judge-approved reservation of right to appeal an issue designated as dispositive, and then change existing SYG law--especially not without first affording the parties the courtesy of being heard in supplemental briefing. Therefore, I respectfully dissent.

_____

Andy Thomas, Public Defender, and Greg Caracci, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Robert Quentin Humphrey and Kaitlin Weiss, Assistant Attorneys General, Tallahassee, for Appellee.