IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSEPH GUIDA,

    Petitioner,

                                   Case No.  5D22-2694

 v.                               LT Case No. 2021-MM-520-A

STATE OF FLORIDA,

    Respondent.

_____/

Opinion filed February 15, 2023

Petition for Writ of Prohibition,
James J. Dekleva, Respondent Judge.

William R. Ponall and Eric J. Sorice,
of Ponall Law, Maitland, for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Respondent.

PER CURIAM.

Joseph Guida petitions this Court for a Writ of Prohibition, challenging the trial court's unelaborated written order denying his motion for immunity pursuant to the Stand Your Ground law of section 776.032(4), Florida Statutes (2019), after an evidentiary hearing. For the following reasons, we grant the petition.

Petitioner was charged with two counts of Domestic Violence Battery. Count One charged him with domestic battery of his son, while Count Two charged him with domestic battery of his wife. The charges in Count One of the information stem from a dispute between Petitioner and his son regarding Petitioner playing loud music on his computer in the middle of the night in his office located in the family home. Petitioner filed a motion to dismiss pursuant to the Stand Your Ground law. Petitioner's motion sets forth why he should be immune from prosecution under section 776.032(4) as to Count One, but provides no reasons as to why he would have immunity from prosecution as to Count Two.

Section 776.032(4) was amended in 2017 to clarify that the burden of proof is on the State when dealing with Stand Your Ground immunity motions and that the State's burden is to prove by clear and convincing evidence that the statutory immunity does not apply. *Love v. State*, 286 So. 3d 177, 180 (Fla. 2019). "Clear and convincing evidence" has been defined as: "an

intermediate level of proof [that] entails both a qualitative and quantitative standard. The evidence must be credible; the memories of witnesses must be clear and without confusion; and the sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy." *Edwards v. State,* 257 So. 3d 586, 588 (Fla. 1st DCA 2018).

In orally denying the motion at the conclusion of the hearing, the trial court's statements, which we find unnecessary to relate, indicate that the court did not resolve the highly uncertain and conflicting accounts of the altercation. *See Bouie v. State*, 292 So. 3d 471, 481–82 (Fla. 2d DCA 2020) ("Furthermore, the trial court did not resolve the differing accounts of how the altercation transpired and the evidence adduced at the stand-your-ground hearing was highly uncertain and conflicting, leaving the State unable to meet its burden."). Nor did its oral pronouncement suggest, by any means, that it was convinced by the sum total of the evidence "without hesitancy" that the State had established that petitioner was not entitled to immunity. *Edwards*, 257 So. 3d at 588.

Accordingly, we grant the petition, quash the order denying Petitioner's motion to dismiss Count One of the information, remand with instructions for the trial court to enter an order finding Petitioner immune from prosecution

3

of the charges set forth in Count One, and for further proceedings consistent with this opinion.[1]

PETITION GRANTED; ORDER QUASHED; and REMANDED, with instructions.

LAMBERT, C.J., EDWARDS and HARRIS, JJ., concur.

---

[1] As we are confident that the trial court will enter its order dismissing Count One and declaring Petitioner immune from prosecution as to that charge, there is no present need for the writ to actually be issued and served.